BARFIELD *vs.* BARFIELD *et al.*

Section 3641 of the Code gives the levying officer a discretion as to the value of the property levied on. It is to be sufficient to satisfy the execution. But if the officer violates his duty, either by making an excessive levy or by refusing to levy on the property pointed out by the defendant, he is liable for such special damages as the defendant may incur thereby; but this will be no valid objection to the process.

May 1, 1886.

Levy and Sale. Illegality. Damages. Process. Before Judge FORT. Macon Superior Court. November Term, 1885.

A *fi. fa.* from the county court of Macon county was levied on certain land pointed out by the defendant. This levy was subsequently dismissed by the levying officer by order of the plaintiffs, and another levy was made on personalty. The defendant filed an affidavit of illegality on the grounds (1) of a partial payment to the plaintiffs' attorney, for which no credit was allowed; and (2) of the former levy and its dismissal and re-levy.

This affidavit, on demurrer, was dismissed by the county judge. The case was carried to the superior court by *certiorari*, and the decision of the county judge was affirmed. The defendant excepted.

J. M. DuPree; E. G. Simmons, for plaintiff in error.

J. W. Haygood; Guerry & Son, for defendants.

Blandford, Justice.

The question here is, will an affidavit lie to an execution when the defendant in execution points out property to be levied on, but the officer levies on other property?

We think not. Section 3641 of the Code gives the officer a discretion as to the value of the property. It is to be sufficient to satisfy the execution. But if the officer violates his duty, either by making an excessive levy or by refusing to levy on the property pointed out by defendant, he is himself liable for such special damages as the defendant may incur thereby; but this will be no valid objection to the process.

Judgment affirmed.