### 30188. JONES v. BLAND.

DECIDED SEPTEMBER 25, 1943.

*Hugh R. Kimbrough, Anderson & Trapnell,* for plaintiff.
*J. D. Kirkland,* for defendant.

FELTON, J. W. E. Jones sued J. C. Bland to recover principal

and interest on a loan alleged to have been made by the plaintiff to the defendant. The petition was not signed by the attorney for the plaintiff, and the process was not signed by the clerk of the court. The petition was filed in office by "J. C. Bland, Clerk City Court of Metter." The defendant filed the following demurrer: "That there is no cause of action pending. That neither the plaintiff W. E. Jones or his attorney, Hugh R. Kimbrough, signed the petition in the above-stated case. That there is no petition or process, as required by sections 81-101 and 81-201 of the Civil Code of Georgia, 1933." The plaintiff amended the petition by signing his attorney's name to the petition. The judge passed the following order: "The within cause coming on for trial; and the defendant having filed a demurrer in said case, and it appearing to the court that no process was attached to said petition, no service effected, and no waiver of service made, the within petition is dismissed." W. E. Jones excepted to that judgment.

It is conceded that the defendant is the clerk of the city court of Metter. It was his duty to issue and sign the process on the suit (Code, §§ 24-2714 (3), 81-201), and to deliver the petition and process to the sheriff. Code, § 81-202; Acts 1919, p. 492, sec. 11. The process was attached to the petition, but was not signed by the clerk. Process is not absolutely essential to the validity of a pending suit, as the same may be waived. Code, § 81-201. The defendant as an individual in equity and good conscience could not set up an act or omission due to his fraud or negligence, which he committed or omitted as an official, and which redounded to his benefit as an individual. His mouth is closed, and he is estopped to assert the absence of his signature on a process it was his duty to sign; and such an estoppel is as effective in giving validity to the suit as a voluntary waiver would have been.

The defendant insists that as clerk he was justified in not signing the process, for the reason that the petition was not signed by the plaintiff or his attorney. It is the clerk's duty to sign all processes on all suits filed. This duty is ministerial solely, and it is beyond the duties or powers of the clerk to pass on the legal sufficiency of pleadings. He could not be protected in the exercise of a judicial function which he did not possess by virtue of his office. It should not be within the power of a clerk to obstruct legal processes against him as an individual.

The court erred in dismissing the action on the ground that there was no process, which was the only ground for dismissal shown that remained after the attorney's name was added to the petition by amendment.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*