53677. LEXINGTON DEVELOPERS, INC. v. O'NEAL CONSTRUCTION COMPANY, INC.
53678. DOVER DEVELOPERS, INC. v. O'NEAL CONSTRUCTION COMPANY, INC. et al.

QUILLIAN, Presiding Judge.

O'Neal Construction Company filed its complaint against defendant Lexington Developers, a Fulton County corporation, alleging Lexington's "principal place of business is 2964 Peachtree Road, N. E. Because defendant's registered agent for service of process, Lester B. Colodny, could not with reasonable diligence be found at the registered office, service of process may be perfected through the Secretary of State acting as agent on behalf of defendant, pursuant to Georgia Code Annotated Section 22-403."

An affidavit was attached to the petition showing an attorney for plaintiff called Robert J. Abrams, "last known attorney for Lester B. Colodny and Lexington Developers" who is said to have stated "he did not know the present whereabouts nor the last known address of Mr. Colodny." The affidavit further stated that the attorney, on "June 24, 1976," went to "2964 Peachtree Road," defendant's business address registered with the Secretary of State of Georgia and "saw no indication that either Mr. Colodny or Lexington Developers, Inc. was still located there."

The record reveals the complaint was filed June 25, 1976, and an affidavit of "a law clerk" for plaintiff's law firm shows he "filed the Complaint and copies for service in the above styled case on or about June 25, 1976, and . . . was told by a member of the Clerk's Office at Fulton

County Civil Court that a copy of the said complaint would be forwarded to the Georgia Secretary of State's office."

The return of the deputy marshal shows he "[s]erved the Defendant Lexington Developers, Inc. a Corporation, *c/o Sec. of State* by leaving a copy of the within action and summons with *Mrs. Johnson* in charge of the office and place of doing business of said Corporation, in Fulton County, Georgia. This *6-28, 1976.*" Mrs. Johnson works in the office of the Secretary of State.

Certificates of the office of the Secretary of State show receipt of the complaint and summons on June 29, 1976, and attempted service by mail was returned by postal authorities marked, "Moved, Not Forwardable." On September 30, 1976, defendant filed a motion to open default or in the alternative motion to dismiss. Defendant alleges he was never served with a copy of the complaint and in support of his motion filed an affidavit of the secretary of defendant corporation stating: (1) defendant moved its offices in January of 1975 from 2964 Peachtree Road, to 5550 Peachtree Industrial Boulevard; (2) defendant moved again on or about October 15, 1975 to 200 Burdett Road, Atlanta; (3) change of address notices were filed with the post office each time; (4) a certificate of the assistant post master, Chamblee post office, confirms the last change of address notice; (5) plaintiff helped defendant move to the 5550 Peachtree Industrial Boulevard address and occupied part of the same premises at that time; (6) plaintiff at all times had personal knowledge of the residence address of Mr. Colodny, "performed construction services there, and had been there on many occasions for business meetings"; (7) plaintiff "confirmed Mr. Colodny's address when Plaintiff recently took the deposition of Mr. Colodny in other litigation in the U. S. District Court, Northern District of Georgia, Atlanta Division."

Plaintiff's answer to the motion to open default affirmed what he had stated before — that the attorney went to the defendant's business address registered with the Secretary of State and then called defendant's last known attorney. He confirmed the call to the attorney with a letter and defendant's lawyer replied: "What I told

you on June 23, 1976 is essentially as follows: Mr. Colodny travels extensively for business purposes both within the United States and abroad. As far as his Atlanta residence, he maintained a home in a fashionable N. E. or N. W. section of the city — the exact street location being unknown to me inasmuch as I have never been to his house." Although not in affidavit form, plaintiff alleged in his answer to the motion to open default that "[p]laintiff's president was unaware of Mr. Colodny's home address and in fact, to the best of Plaintiff's president's knowledge, Lester Colodny was living somewhere in the Middle East." Defendant's motion to open default was denied.

Defendant filed a motion to reconsider his ruling to open default and attached an affidavit of defendant's attorney showing plaintiff had filed a "Motion for Intervention" in a civil action in the U. S. District Court in Atlanta, naming Lexington Developers, Inc. and Lester B. Colodny as defendants. The motion for intervention was denied on November 18, 1975. Defendant's motion for reconsideration was denied on December 3, 1976. Defendant moved for a continuance on December 6, 1976 until January "for the purpose of obtaining the presence of Mr. Lester B. Colodny, who is currently out of the Country in Tehran, Iran." There is an order of the court dated December 3, 1976, denying defendant's motion for a continuance. Trial was held December 7, 1976. Following judgment for plaintiff, defendant appeals. *Held:*

1. Defendant's principal contention is that he was not lawfully served with process, and because of lack of notice the suit was in default. Our Supreme Court has held that "notice is the very bedrock of the due process" (*Thompson v. Lagerquist,* 232 Ga. 75, 76 (205 SE2d 267)), and "[i]n the absence of service in conformity with such rules [for service of process], or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void." *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625, 626 (4) (193 SE2d 852); see also Art. I, Sec. I, Par. III, Const. of Ga. 1945 (Code Ann. § 2-103).

In discussing sufficiency of service of process, as it relates to due process requirements, the United States Supreme Court stated that "[m]any controversies have

raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 313 (70 SC 652, 94 LE 865). "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394 (34 SC 779, 58 LE 1363). "This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest. . . The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, p. 315. "[G]reat caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact." McDonald v. Mabee, 243 U. S. 90, 91 (37 SC 343, 61 LE 608). The efficacy, as due process, of constructive service, rests upon the presumption that the notice will be given in a manner calculated to reach the person to be notified. Blackmer v. United States, 284 U. S. 421, 439 (52 SC 252, 76 LE 375).

We note·a confusion of terms in discussing service of process. Some courts use the terms "actual" and "constructive" service. Weltner, Process and Service 44. Our court has held that when service is upon an agent of a corporation it is "personal service," but when served upon the Secretary of State it is "substituted service." *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 636 (1) (182 SE2d 153). We have concluded that as the only mode of service known to the common law was personal service (Weltner, supra, p. 47), the only legal alternative type of service is that authorized by statute. Thus any service other than personal is that type *substituted* by statute to be used in lieu of personal service. Accordingly, the terms "substitute" and "constructive," as used in conjunction with service of process, would appear to be synonymous and interchangeable.

The distinction as to type of service is not

unimportant. The statutes relating to service of process usually require the person executing the process to state the mode of service. See Civil Practice Act § 4, Code Ann. § 81A-104 (g) (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, p. 1036; 1968, pp. 1104, 1105; 1969, p. 487; 1972, pp. 689-692). " 'No case can proceed without service upon the defendant in one of the modes prescribed by law unless service is waived.' " *Radcliffe v. Boyd Motor Lines,* 129 Ga. App. 725 (5) (201 SE2d 4). We must judge the sufficiency of service in accordance with the mode of service attempted, as different types are permitted by applicable statutes. Id. p. 727.

The substituted mode of service upon domestic corporations, in lieu of personal service, being a creature of statute and in derogation of common law must be strictly construed. See *Clements v. Sims T. V., Inc.,* 105 Ga. App. 769, 772 (125 SE2d 705).

Code Ann. § 22-403 (b) (Ga. L. 1968, pp. 565, 583; 1969, pp. 152, 199), and Civil Practice Act § 4, Code Ann. § 81A-104 (d) (1), supra, are cumulative and alternative methods of perfecting service upon domestic corporations, except that the provision of subsection (b) of Code Ann. § 22-403 may be used "notwithstanding any inconsistent provisions of the Georgia Civil Practice Act [Title 81A]." Code Ann. § 22-403 (b), supra.

Service under Code Ann. § 81A-104 (d) (1), supra, in the instant action would not have been in compliance with the Code as this section provides if service cannot be made on an officer or agent of the corporation service may be perfected upon the Secretary of State provided plaintiff or his attorney shall file an affidavit showing that personal service on or notice to the officers, managing agent or other agent of said corporation cannot be had within the state. Such affidavit was not filed in this case. Defendant stated in his affidavit that "both Plaintiff and its Attorney knew Richard Feldman to be an officer of Defendant [corporation] . . . and that [he] resided in Atlanta, Georgia . . ." In his answer to defendant's motion, plaintiff did not deny that he helped move defendant from the address they stated in their petition was their "principal place of business." Nor did they deny that they occupied premises in the same building with defendant for a period of time

after their first move in January 1975. Neither did they admit such facts. However, they did state "the fact that the president of Plaintiff's corporation knew the officers of Defendant's corporation personally is irrelevant as Plaintiff was not aware where service of process could be perfected upon Lester B. Colodny."

Apparently plaintiff relies upon process served under Code Ann. § 22-403 (b), supra, which provides in part that "Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any process, notice or demand may be served." Plaintiff must rely upon one of the three threshold qualifications to get to the Secretary of State for service of process. One: did the corporation appoint a registered agent? Two: did the corporation maintain Mr. Colodny as its registered agent? Three: could the registered agent, with reasonable diligence, be found at the registered office? As to the first two questions, we find that the defendant corporation did appoint and maintain Mr. Colodny as its registered agent for service for process. As to the latter question, plaintiff — through affidavit of his attorney, stated neither the agent nor the corporation could be found at the registered address. But who is required by statute to determine whether the defendant corporation or his registered agent can be found at the registered address? Is it the plaintiff — or the person designated by statute?

Subsection (a) of Code Ann. § 22-403, supra, designates *the registered agent* as one of the persons "upon whom any process . . . required or permitted by law to be served upon the corporation *may be served in the manner* provided by law for the service of a summons and complaint." (Emphasis supplied.)

The Civil Practice Act § 4 (Code Ann. § 81A-104 (a) and (c), supra), provides the clerk shall issue the summons and "deliver it for service," but "[p]rocess shall be served by the sheriff . . . or by his deputy" or other designated persons. Here the summons issued, and was returned by the deputy marshal by service upon the Secretary of State. It is evident that no attempt was made to locate

defendant corporation or its registered agent at the registered address, as plaintiff's affidavit shows that when they filed the complaint they were told that "a copy of said complaint would be forwarded to the Georgia Secretary of State's office." Is this sufficient compliance with applicable law?

We are aware that defendant did not comply with Code Ann. § 22-402 (Ga. L. 1968, pp. 565, 582; 1969, pp. 152, 160, 169) by notifying the Secretary of State of its change of address. But the issue is not whether the defendant complied with the law but whether the plaintiff complied with law in service of process.

Defendant relies upon Code Ann. § 22-403 (b), which provides in pertinent part that if a defendant corporation shall fail to appoint or maintain an agent in this state, "or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State," may be served. The crucial inquiry is — who is required to determine whether the "registered agent cannot with reasonable diligence be found at the registered office?" The answer is — that determination must be made by the only persons authorized to serve the "summons and complaint" — those designated by the applicable statute — in this instance, Code Ann. § 81A-104, supra, and at a time after the summons has issued and the attempt is made to serve the process.

"Upon the filing of a petition containing a prayer for process against a party apparently subject to the jurisdiction of the court, it is the duty of the clerk to annex thereto the process of the court. 'This duty is ministerial solely, and it is beyond the duties or powers of the clerk to pass upon the legal sufficiency of the pleadings.' [*Jones v. Bland,* 69 Ga. App. 883, 884 (27 SE2d 102)]. . . It must be signed by the clerk or his deputy, bearing teste in the name of the judge of the court, and directed to the sheriff or his deputy, requiring the appearance of the defendant at a stated time." Weltner, Process and Service 3, IC.

The person attempting service here, the deputy marshal, made no attempt to serve the defendant corporation or the registered agent at the registered address — after the summons had issued, which is the date such determination must be made as to whether

defendant or his agent is at the registered location — and should be made by one designated in the statute, who is a neutral and detached party. "The law does not trust a party to execute process or to make a return" (*Johnson v. Shurley,* 58 Ga. 417), for — as explained by Justice Bleckley, ". . . where he has the interest of a party. He is not to be both priest and penitent." *State v. Jeter,* 60 Ga. 489, 492.

We emphasize that this is not an irregular return of service which may be amended; it is defective service upon the face of the pleadings as it shows the officer charged with executing the process did not comply with the Code by attempting "with reasonable diligence" to perfect service of the summons and complaint at the registered address. "[T]he sine qua non is service of process in the manner provided by law. A default judgment based upon other than legal service is a nullity." *American Photocopy &c. Co. v. Lew Deadmore &c., Inc.,* 127 Ga. App. 207 (2) (193 SE2d 275).

It is arguable that if service had been attempted in the manner prescribed by law it would have been futile as defendant admitted he had moved from that location. We will not speculate as to what may have been; we find only that the statutory method of service was not followed.

"The law deplores sloth and lack of diligence in asserting one's rights, but at the same time the law does not favor defaults, forfeitures and waivers of rights, especially when the opposing party actively or passively impedes the assertion of the rights by its action or inaction." *Delcher Bros. &c. Co. v. Ward,* 134 Ga. App. 686, 688 (215 SE2d 516).

The return of service shows it was not in compliance with the law governing such service. *Fain v. Hutto,* 236 Ga. 915, 917 (225 SE2d 893). In the absence of service in conformity with the statute, or the waiver thereof, no jurisdiction over defendant was obtained and the judgment was void. *Thompson v. Lagerquist,* 232 Ga. 75, 76, supra; *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625, 626 (4), supra.

2. On December 3, 1976, prior to the trial date for this action, Dover Developers filed a "Motion for Intervention . . . as a matter of right," citing "Code Ann. §

442

81A-124" as authority. Dover contends they were never accorded a hearing or obtained a ruling on their motion. In view of the decision reached in the main action, this issue is moot.

*Judgment reversed as to 53677; appeal dismissed as to 53678. Shulman and Banke, JJ., concur.*

SUBMITTED APRIL 11, 1977 — DECIDED MAY 4, 1977 — REHEARING DENIED MAY 31, 1977 IN CASE NO. 53677 —

*Bell & Desiderio, Robert J. Abrams, Ruby Carpio Bell,* for Lexington Developers, Inc.

*Richard Feldman,* for Dover Developers, Inc.

*Cunningham & Clarke, Raymond A. Cunningham, Brian W. Wertheim,* for appellees.