68057. BOWERS v. PRICE et al.

CARLEY, Judge.
A judgment was entered by the Superior Court of Fulton County for $50,700 principal and $79.50 court costs. The judgment contained no specific provision for the recovery of post-judgment interest. The attorney for the judgment creditors sought the issuance of a fi. fa. which would include post-judgment interest at the rate of 12 per cent. See OCGA § 7-4-12. Appellee-defendant Price, who is the Clerk of the Superior Court of Fulton County, declined to issue a fi. fa. which included post-judgment interest. The rationale for this refusal was that "[e]very execution shall follow the judgment upon which it issued . . . ." OCGA § 9-13-3. Since the judgment upon which the issuance of a fi. fa. was being sought did not specifically provide for post-judgment interest at 12 per cent, appellee Price declined the request that such interest be included in the fi. fa. Counsel for the judgment credi-

tors was advised to secure from the trial court an amendment to the judgment so as to provide for post-judgment interest. Counsel refused to do so. Accordingly, a fi. fa. was issued only for the principal amount of the judgment and court costs.

Counsel then presented the fi. fa. to appellee-defendant Stynchcomb, who is the Sheriff of Fulton County. Counsel requested that appellee Stynchcomb collect interest at the rate of 12 per cent as well as the principal amount and the court costs. Counsel was told that interest could not be collected if it did not appear on the fi. fa. Counsel was again advised to have the judgment amended to reflect an award of post-judgment interest at 12 per cent. Counsel chose not to do so. Appellee Stynchcomb collected the principal amount of the judgment and court costs and the fi. fa. was stamped "Paid Satisfied and Ordered Cancelled."

Appellant-plaintiff then instituted suit against appellees and the sureties on their official bonds. Appellant's complaint asserted that he was the assignee of the judgment creditors' "right to have and receive lawful interest" on the judgment. Appellant further alleged that appellees had "willfully maliciously and intentionally and tortiously illegally deprive[d] [him] of [his] lawful property rights to interest on said judgment . . . ." For this alleged violation of his property right, appellant sought to recover interest on the judgment at 12 per cent from the date of entry to the date the fi. fa. was satisfied, and also attorney fees, punitive damages, and costs. In addition, appellant sought to recover interest as to all "such judgments of the Superior Court of Fulton County as did not have interest put in the execution but were entitled . . . to have it and which judgments and entitlements to interest [appellant] now claims and has acquired under the law of abandonment . . . ."

Appellees answered, denying the material allegations of the complaint. Appellant subsequently moved for summary judgment. The trial court denied appellant's motion, and granted summary judgment in favor of appellees. See *Massey v. Consolidated Equities Corp.*, 120 Ga. App. 165 (1) (169 SE2d 672) (1969). See also *Cruce v. Randall*, 245 Ga. 669 (266 SE2d 486) (1980). It is from that order that appellant brings the instant appeal.

1. We note at the outset that it clearly was not error to grant appellee Stynchcomb summary judgment. As the sheriff, appellee Stynchcomb's sole authority was to collect the judgment according to the fi. fa. that was placed in his hands. He had no authority to collect a greater amount than was shown on the face of the fi. fa. "The officer is not a judicial, but a ministerial officer; he *must* execute all process placed in his hands which is regular and proper on its face and which is issued by a person having authority to do so. [Cit.]" (Emphasis supplied.) *Singer Sewing Machine Co. v. Barnett*, 76 Ga. 377, 378

(1886). See also *Barfield v. Barfield*, 77 Ga. 83, 84 (1886). Thus, had appellee Stynchcomb acceded to appellant's request and collected an amount for post-judgment interest not reflected on the fi. fa., he might well have subjected himself to a potential claim of excessive levy by the judgment debtor. *Barfield v. Barfield*, supra. Appellee Stynchcomb was required to proceed on the fi. fa. as it had been given to him and owed appellant no other duty. Appellant has no claim against appellee Stynchcomb and the trial court did not err in granting the summary judgment in favor of the sheriff.

2. We now turn to the propriety of granting appellee Price summary judgment. We perceive the crucial issue to be whether, in the absence of a judgment specifically awarding post-judgment interest, a judgment creditor's recovery of such interest is merely a matter involving the performance of a ministerial duty of the clerk or is, instead, a matter of judicial responsibility requiring action by the court. "It is obvious that a mere clerk of the court . . . is not entrusted by law with judicial functions. His acts are all ministerial as distinguished from judicial." *Head v. Waldrup*, 193 Ga. 165, 168 (17 SE2d 585) (1941). Thus, unless the inclusion of post-judgment interest on the fi. fa., regardless of the terms of the judgment itself, is a mere "ministerial function," summary judgment was properly granted as to appellee Price. She can hardly be held liable to appellant for her refusal to perform "a judicial function which [she] did not possess by virtue of [her] office." *Jones v. Bland*, 69 Ga. App. 883, 884 (27 SE2d 102) (1943).

Under OCGA § 9-13-10, appellee Price "shall" issue executions for judgments obtained in the Superior Court of Fulton County. As noted above, in doing so, appellee Price is authorized to act only "ministerially" and not "judicially." "A ministerial act may be 'defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done.' But 'the act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act.' [Cits.]" *Wyatt v. Baker*, 41 Ga. App. 750, 753 (154 SE 816) (1930).

"Every execution shall follow the judgment upon which it issued . . . ." OCGA § 9-13-3. Thus, it is clear that in performing the ministerial function of issuing executions, appellee Price is required to "follow" the "judgments" of the Superior Court of Fulton County and that the "state of facts" which she must satisfy herself exists before issuing a fi. fa. is the existence of a judgment of that court. "A judgment is the decision or sentence of law, pronounced by the court and entered upon its docket, minutes, or record. A judgment of a court of

record can only be shown by its records. Where there is no record, there is no judgment. [Cits.]" *Easterling v. State*, 11 Ga. App. 134, 135 (74 SE 899) (1912).

In the instant case, there is no writing, signed by a judge of the Superior Court of Fulton County, awarding the judgment creditors post-judgment interest at the rate of 12 per cent. It is true that the judgment creditors have a judgment for a principal amount and that "[a]ll judgments in this state shall bear interest upon the principal amount recovered at the rate of 12 percent per year." OCGA § 7-4-12. However, the final determination of the rights and claims of the parties to litigation is a judicial rather than a ministerial function. *Oxford v. Generator Exchange*, 99 Ga. App. 290 (108 SE2d 174) (1959). Where, as here, a right to execution and collection of post-judgment interest is asserted, it appears that the law contemplates that such right be evidenced by an underlying judgment which has been signed by the trial court and filed with the clerk. See OCGA §§ 9-11-131, 9-11-132. If, as appellant asserts, there was no waiver by the judgment creditors of their right to receive post-judgment interest, it would have been a simple matter for appellant's counsel to have had the underlying judgment amended to reflect the entitlement to such interest. Counsel chose not to do so. A judgment creditor or one who claims through a judgment creditor bears the responsibility of seeing that the judgment under which he claims sets forth all of his adjudicated rights and, if any issue in that regard arises, the appropriate authority with which to deal is the trial court, not the clerk who has only ministerial authority. The trial court did not err in granting appellee Price's motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 18, 1984 —
REHEARING DENIED JULY 10, 1984 — 

*Hugh G. Head, Jr., Kathleen Kessler*, for appellant.
*Tony L. Axam*, for appellees.