A95A2004. DEPARTMENT OF TRANSPORTATION v. MARKS et al.
(466 SE2d 273)

ANDREWS, Judge.

The plaintiffs, Marks et al., filed suit in Chattooga County against the Department of Transportation (DOT) and served the DOT by placing a copy of the summons and complaint in a package addressed to the DOT Commissioner at his office in the DOT building in Atlanta and having the package delivered to that address by United Parcel Service (UPS), a private delivery service. UPS delivered the package to the mail room manager at the DOT building, who delivered it on the same day to the Commissioner's office. The trial court concluded service was sufficient under the provisions of OCGA § 32-2-5 (b) and found the DOT in default for failure to file a timely answer. The DOT appeals claiming service was insufficient.

OCGA § 32-2-5 (b) provides that: "Service upon the [DOT] shall be sufficient by serving a second original process issued from the county where the action is filed upon the commissioner personally or by leaving a copy of the same in the office of the commissioner in the [DOT] Building, Atlanta, Georgia." The plaintiffs contended, and the trial court agreed, that the portion of the statute providing for service of process "by leaving a copy of the same in the office of the commissioner . . ." authorized the form of service employed by the plaintiffs in this case. We disagree.

In addition to the service provisions of OCGA § 9-11-4, the DOT may also be served pursuant to the provisions of OCGA § 32-2-5 (b). Service of process under OCGA § 32-2-5 (b) may be accomplished by personally serving a second original process issued from the county where the action is filed on the commissioner of the DOT or by "leav-

ing a copy of the same in the office of the commissioner . . ." in the DOT building in Atlanta. Nothing in the language of OCGA § 32-2-5 (b) evinces a clear intention by the legislature to authorize a form of service in substitution for the personal service required at common law and by the applicable provisions of OCGA § 9-11-4. See *Lexington Developers v. O'Neal Constr. Co.*, 142 Ga. App. 434, 437-438 (236 SE2d 98) (1977), rev'd on other grounds, 240 Ga. 376 (240 SE2d 856) (1977). We conclude the language in the statute authorizing service by "leaving a copy [of process] in the office of the commissioner" contemplates that service may also be accomplished by personally serving a person other than the commissioner in the commissioner's office in the DOT building in Atlanta, who is authorized or otherwise qualified to receive service on behalf of the DOT. Such personal service must be made by an authorized person. See OCGA §§ 9-10-72; 9-11-4 (c). Employing UPS to deliver a package containing the summons and complaint failed to accomplish the required personal service. *Gormong v. Cleveland Elec. Co. &c.*, 180 Ga. App. 481, 482 (349 SE2d 500) (1986).

"In the absence of service in conformity with [the statutory] rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void." *DeJarnette Supply Co. v. F. P. Plaza*, 229 Ga. 625, 626 (193 SE2d 852) (1972). Since no issue of waiver was raised by the plaintiffs in the trial court or on appeal, that issue was not preserved for appellate review. *Pleats, Inc. v. OMSA, Inc.*, 211 Ga. App. 643, 645 (440 SE2d 214) (1994). In the absence of proper service on the DOT, the trial court lacked jurisdiction and erred by finding the DOT in default and by denying the DOT's motion to dismiss the complaint for lack of service.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 27, 1995.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Jeffrey Davis, Assistant Attorney General,* for appellant.

*Farrar & Farrar, Archibald A. Farrar, Jr., Christopher L. Corbin, Shaw, Maddox, Graham, Monk & Boling, Julius W. Peek, Jr.,* for appellees.