A95A2053. ZIMMERMAN v. HAMMER.
(470 SE2d 688)

RUFFIN, Judge.

Eleanor Hammer filed suit against Blaine Zimmerman in Jasper County. A Rockdale County deputy sheriff personally served Zimmerman at his residence in Newton County. Zimmerman answered, asserting Hammer's complaint should be dismissed for improper service of process. The trial court subsequently denied Zimmerman's motion

to dismiss for lack of service, and we granted his application for interlocutory appeal. Because we find service was improper, we reverse.

OCGA § 9-11-4 (c) plainly states who may serve process in a civil action. Process must be served by either (1) the sheriff or deputy of the county where the action is filed; (2) the sheriff or deputy of the county where the defendant is found; (3) the marshal or sheriff of the court or their deputies; or (4) any specially appointed process server. OCGA § 9-11-4 (c). We have consistently required that "personal service must be made by an authorized person. [Cits.]" *Dept. of Transp. v. Marks*, 219 Ga. App. 738 (466 SE2d 273) (1995). See, e.g., *Townsend v. Williams*, 170 Ga. App. 766 (318 SE2d 510) (1984) (chief of police not authorized to serve process); *Denny v. Croft*, 195 Ga. App. 871 (2) (395 SE2d 72) (1990) (Georgia Bureau of Investigation agent not authorized to serve process).

In this case, the trial court found that Zimmerman lived near the Rockdale-Newton county line and that the sheriff mistakenly believed his residence was located in Rockdale County. The trial court concluded that because Zimmerman was personally served, "[d]eclaring that service to be insufficient would be elevating form over substance, rewarding [Zimmerman] for an unknown, unintentional, technical error that can be blamed on no one." However, we are aware of no authority that would permit an unauthorized person to perfect service. Moreover, "the language of the statute is so plain and unambiguous that judicial construction is both unnecessary and unauthorized. . . . [T]here is no authority to dispense with the clear requirements of [OCGA § 9-11-4 (c)] merely because the defendant may otherwise obtain knowledge of the filing of the action." (Citations omitted.) *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989). See also *Townsend*, supra.

" 'In the absence of service in conformity with (the statutory) rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court. . . .' [Cit.] Since no issue of waiver was raised by [Hammer] in the trial court or on appeal, that issue was not preserved for appellate review. [Cit.]" *Marks*, supra.

We thus conclude that because Zimmerman was not served by a sheriff of Jasper County, where the action was filed, or a sheriff of Newton County, where Zimmerman was found, service was improper, and the trial court erred in denying his motion. See id.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 19, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996 —

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Michael C. Daniel, Richard L. Ford, Jr., P. Matthew Ledbetter, Jr., Dargan S.*

*Cole*, for appellant.
*Wheeler & Watson, D. Kevin Wheeler, James A. Watson, John W. Henderson, Jr.*, for appellee.