## A99A2220. WILKINSON v. UDINSKY et al.
(530 SE2d 215)

MILLER, Judge.

Acting pro se, James E. Wilkinson filed a complaint against the Chatham County Board of Assessors and Gary Udinsky, Chief Appraiser, alleging among other things an improper change in the fair market value of his property. The defendants moved to dismiss on several grounds. The trial court subsequently dismissed the complaint for failure to comply with the appeals process of OCGA § 48-5-311 and for failure to effectuate proper service in accordance with OCGA § 9-11-4. Wilkinson appeals this dismissal. We affirm.

1. Wilkinson claims that the trial court erred in dismissing his complaint due to the failure to properly serve the defendants. On the issue of improper service, the court is the trier of fact, and in the absence of legal error, we are without jurisdiction to interfere with a verdict supported by some evidence.[1]

"A suit commences only after the filing of a petition and the proper service of process upon the defendant as required and authorized by law."[2] OCGA § 9-11-4 (c) restricts who may serve process, stating:

> Process shall be served by the sheriff of the county . . . or by his deputy, or by the marshal or sheriff of the court, or by his deputy, or by any citizen . . . specially appointed by the court for that purpose or by someone who is not a party . . . and has been appointed as a permanent process server by the court.[3]

Plainly stated, "personal service must be made by an authorized person."[4]

The record shows that Wilkinson filed his complaint and that a summons was signed by the clerk. But both Udinsky and his secretary submitted affidavits stating that "[a] man who did not identify himself or show any identification" delivered copies of the complaint to Udinsky's office. Both stated that the complaint was not served by a sheriff or deputy nor did the person identify himself as someone specially or permanently appointed by the court to serve process. No special or permanent appointment appears in the record. Udinsky further stated that a summons did not accompany the complaint, a

---

[1] *Yeary v. Bell*, 228 Ga. App. 522, 524 (2) (492 SE2d 278) (1997).

[2] (Citations omitted.) *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999).

[3] See *Yeary*, supra, 228 Ga. App. at 522-523 (2).

[4] (Citations and punctuation omitted.) *Zimmerman v. Hammer*, 220 Ga. App. 864, 865 (470 SE2d 688) (1996).

requirement under OCGA § 9-11-4 (d).

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service."[5] Here the defendants presented affidavits that service was improper. The burden then shifted to Wilkinson to provide additional evidence in support of proper service,[6] which he failed to do. Here, the record contains no affidavit or certificate of service as required by OCGA § 9-11-4 (g) to prove that the summons and complaint were properly served.[7]

Pretermitting whether Wilkinson followed the correct procedure for appealing from an assessment, the evidence shows that he failed to effectuate proper service of process. In the absence of service in conformity with OCGA § 9-11-4, the court does not obtain jurisdiction over the defendant.[8]

Because there was some evidence to support the ruling, the court did not err in granting the defendants' motion to dismiss.

2. Wilkinson contends that the court erred in dismissing his complaint "without specifying which section of the code [it] was referring to." Pretermitting whether such is required, the record reflects that the court made sufficient reference to each Code section serving as the basis for the dismissal.

3. Wilkinson's remaining enumeration of error has been considered and is found to be without merit.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 22, 2000.

James E. Wilkinson, *pro se.*
*Emily E. Garrard*, for appellees.

---

[5] (Punctuation and footnote omitted.) *Baughan v. Alaoui*, 240 Ga. App. 661, 663 (1) (524 SE2d 536) (1999); *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995).
[6] See id.
[7] See *Baughan*, supra, 240 Ga. App. at 663 (1) (return of service is a prima facie showing of personal service); *Yelle*, supra, 216 Ga. App. at 47.
[8] *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625, 626 (4) (193 SE2d 852) (1972); *Elmore v. Elmore*, 177 Ga. App. 682, 683 (2) (340 SE2d 651) (1986).