## A01A1934. MERCK v. SAINT JOSEPH'S HOSPITAL OF ATLANTA, INC. et al.
### (555 SE2d 11)

MIKELL, Judge.

Barbara Merck, pro se, filed the underlying action against Saint Joseph's Hospital of Atlanta, Inc. ("Saint Joseph's"),[1] asserting claims of medical malpractice and intentional infliction of emotional distress arising from medical care Merck's mother received at Saint Joseph's prior to her death on April 2, 1998. Merck sent a copy of the complaint to Saint Joseph's via certified mail; however, a sheriff's entry of non est service was filed on April 18, 2000, demonstrating that valid service had not been perfected on the hospital's registered agent. On May 3, 2000, "appearing specially without waiving and specifically reserving any and all defenses," Saint Joseph's filed its answer, in which it raised the affirmative defenses of insufficiency of process, insufficiency of service of process, and failure to provide an expert affidavit as required by OCGA § 9-11-9.1.

On May 12, 2000, an unidentified woman who was not a sheriff's deputy and who did not identify herself as being appointed by the court to serve process left a second copy of the complaint at the receptionist's desk at Saint Joseph's corporate office. Neither the copy of the complaint sent by certified mail nor the one left at the receptionist's desk was accompanied by a summons.

On June 29, 2000, Saint Joseph's filed a motion to dismiss based on Merck's failure to perfect service and failure to file an expert affidavit in support of her medical malpractice claim. The motion was accompanied by the affidavits of Saint Joseph's risk manager, Sue Wilson, and employee, Debra Hayward, stating that there had been no valid service of the complaint. Merck did not respond to the motion. The trial court scheduled a hearing on December 11, 2000; however, Merck failed to appear. The record shows that counsel for Saint Joseph's mailed notice of the hearing to Merck on November 15, 2000, at the post office box Merck identified as her return address in the complaint. The trial court granted Saint Joseph's motion and dismissed Merck's complaint with prejudice. This appeal followed.

We conclude that the trial court's dismissal of Merck's complaint was not legal error. First, the court did not err in finding that Merck failed to perfect proper service on the defendants. The case of *Wilkinson v. Udinsky*, 242 Ga. App. 464 (1) (530 SE2d 215) (2000), is directly on point. In that case, we affirmed the dismissal of a pro se plaintiff's complaint due to his failure to serve the defendants prop-

---

[1] Merck's complaint and this appeal name "Saint Joseph's Hospital of Atlanta, Inc., et al." as defendants and appellees; however, Merck has not named any defendants other than Saint Joseph's.

erly. As in the case sub judice, in *Wilkinson*, the defendant submitted affidavits stating that an unidentified person delivered copies of the complaint to the defendant's office; that the complaint was not served by a sheriff or someone appointed by the court to serve process; and that the complaint was not accompanied by a summons. Id. We recognized the well-settled principle that "[a] suit commences only after the filing of a petition and the proper service of process upon the defendant as required and authorized by law." (Punctuation omitted.) Id., citing *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999).

OCGA § 9-11-4 (c) plainly states who may serve process in a civil action. "Process must be served by either (1) the sheriff or deputy of the county where the action is filed; (2) the sheriff or deputy of the county where the defendant is found; (3) the marshal or sheriff of the court or their deputies; or (4) any specially appointed process server. OCGA § 9-11-4 (c)." *Zimmerman v. Hammer*, 220 Ga. App. 864, 865 (470 SE2d 688) (1996). "[P]ersonal service must be made by an authorized person." (Citations and punctuation omitted.) Id. "In the absence of service in conformity with OCGA § 9-11-4, the court does not obtain jurisdiction over the defendant." *Wilkinson*, supra at 465 (1).

When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of demonstrating improper service. *Wilkinson*, supra. Saint Joseph's met this burden by presenting the affidavits of Wilson and Hayward stating that service was improper. The burden then shifted to Merck to provide additional evidence in support of proper service, which she failed to do. See id. The fact that Merck is proceeding pro se does not relieve her of her burden to establish proper service. "In a civil case, the court cannot put a pro se litigant on a different standard from one represented by counsel." (Citations and punctuation omitted.) *Waits v. Gil*, 232 Ga. App. 186, 187 (501 SE2d 303) (1998). Accordingly, the court properly dismissed the complaint for failure to properly serve the defendant.

Furthermore, we find that the trial court correctly dismissed Merck's malpractice claims based on her failure to file an expert affidavit with the complaint. OCGA § 9-11-9.1 (a) provides that "[i]n any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." A complaint that is not accompanied by the required affidavit is subject to dismissal. *Epps v. Gwinnett County*, 231 Ga. App. 664, 666 (1) (499 SE2d 657) (1998).

Therefore, we conclude that the trial court properly dismissed

Merck's complaint for improper service of process and failure to file an expert affidavit.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 21, 2001.

Barbara Merck, *pro se.*

*Goldner, Sommers, Scrudder & Bass, Susan V. Sommers, Matthew P. Lazarus*, for appellees.