## A02A0078. PASSMORE et al. v. THOMAS.
### (565 SE2d 923)

PHIPPS, Judge.

Gail Passmore and her husband sued Tammy Thomas for injuries arising out of an automobile collision. Thomas was a resident of Georgia at the time of the collision, but later moved to California. The Passmores obtained an order from Crisp County Superior Court specially appointing "MLQ Attorney Services or its designated agent who is qualified to effect service of process in Contra Costa County, California" to serve Thomas with a copy of the summons and complaint. An agent of MLQ Attorney Services, who was also a United States citizen, served Thomas.

The Passmores later voluntarily dismissed their complaint without prejudice. They then filed a renewal action and obtained another order from Crisp County Superior Court specially appointing "MLQ Attorney Services or its designated agent who is qualified to effect service of process in Contra Costa County, California" to serve Thomas with a copy of the summons and complaint. An agent of MLQ Attorney Services, who was also a United States citizen, served Thomas with the renewal action.

Thomas moved to dismiss the Passmores' complaint, claiming that service was deficient in both the original action and the renewal action and that the applicable statute of limitation had expired. Thomas argued that the service was invalid in both actions for the same reason — it was not carried out by a citizen appointed by the superior court to effectuate service of process. The trial court (a different Crisp County Superior Court judge from the ones who issued the orders appointing a special process server) accepted Thomas's argument and dismissed the Passmores' complaint with prejudice.

The Passmores claim that the trial court erred by dismissing their complaint because it was served by a citizen of the United States whom the court had authorized to serve as a special process server. We agree and reverse.

OCGA § 9-11-4 (c) provides that process may be served "by any citizen of the United States specially appointed by the court for that purpose." The court appointed MLQ Attorney Services or its designated agent to serve Thomas in both actions. And in both actions, the Passmores filed an affidavit of service executed by a process server who swore that he or she was a United States citizen and an agent of

MLQ Attorney Services[1] and that he or she had served Thomas with the summons and complaint. Although the better practice in a situation such as this would be to obtain an order naming a specific person to effect service, we find that the Passmores have not transgressed the requirements of OCGA § 9-11-4 (c). "In essence, by permitting [MLQ Attorney Services] or [its] designee to act as process server, service was made by a person 'appointed by the court.'"[2]

"When a defendant in a lawsuit challenges the sufficiency of service, [she] bears the burden of showing improper service."[3] Here, Thomas failed to show that the process servers were not United States citizens or that they were not agents of MLQ Attorney Services. Because the Passmores submitted uncontradicted evidence of proper service in both actions, the trial court erred by dismissing their complaint.

*Judgment reversed. Johnson, P. J., Smith, P. J., Miller and Mikell, JJ., concur. Blackburn, C. J., and Andrews, P. J., dissent.*

ANDREWS, Presiding Judge, dissenting.

Because I do not believe that the service in the original suit complied with OCGA § 9-11-4, I respectfully dissent.

As reflected in the majority, the original action was served in California pursuant to the Crisp County Superior Court's order of August 6, 1998, in which "MLQ Attorney Services or its designated agent . . . [was] specially appointed" to make and file proof of service on Thomas. Service was made in California on October 5, 1998, according to the affidavit of service, by "Mark E. Harmon, an agent of MLQ Attorney Services." The only identifying information in the record regarding Harmon is contained on the billing statement sent by him to plaintiffs' attorneys. Next to the printed logo for "Erdman Attorney Service, Inc.," Harmon is identified in typewriting as a "REGISTERED INDEPENDENT CONTRACTOR, ATTORNEYS MESSENGER SERVICE, Registration #1, Alameda County. . . ."

Pursuant to OCGA § 9-11-4 (c), process

> shall be served by the sheriff of the county where the action is brought or where the defendant is found, or by such sher-

---

[1] The dissent claims that the process server in the original action was not an agent of MLQ Attorney Services because he is identified on a billing statement as an independent contractor for a messenger service in California. But that would not preclude him from serving process as an agent for MLQ Attorney Services, as he avers in his affidavit filed in the trial court.

[2] (Punctuation omitted.) *Heritage House Frame &c. Co. v. Boyce Highlands Furniture Co.*, 88 FRD 172, 174 (E.D. N.Y. 1980) (applying FRCP 4 (c)).

[3] (Punctuation and footnote omitted.) *Wilkinson v. Udinsky*, 242 Ga. App. 464, 465 (1) (530 SE2d 215) (2000); *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (1) (442 SE2d 795) (1994).

iff's deputy, or by the marshal or sheriff of the court, or by such official's deputy, or *by any citizen of the United States specially appointed by the court for that purpose*, or by someone who is not a party and is not younger than 18 years of age and has been appointed as a permanent process server by the court in which the action is brought.

(Emphasis supplied.)

The trial court, correctly, I believe, concluded that the order for appointment of process server "was not effective to appoint a special process server because the appointee therein [(i.e., MLQ)] did not constitute a legal entity capable of being appointed as special process server" under the above-italicized portion of OCGA § 9-11-4 (c), the only one applicable to this situation.

Even assuming that, based on the record, there is some way to tie Harmon to MLQ Attorney Services, there is no indication that MLQ is a natural person "doing business as," or a corporation, partnership, or other legally recognized artificial entity. See *Brand v. Southern Employment Svc.*, 247 Ga. App. 638, 639 (545 SE2d 67) (2001); *Russell v. O'Donnell*, 132 Ga. App. 294, 296 (2) (208 SE2d 107) (1974).

In any event, OCGA § 9-11-4 (c) mandates that a "citizen of the United States" be specially appointed, which requires the naming of a natural person, not an artificial entity. OCGA §§ 1-2-1; 1-2-2. Here, Harmon was not named nor was any such natural person named, and I believe the trial court correctly dismissed the renewal action. *Merck v. Saint Joseph's Hosp. &c.*, 251 Ga. App. 631, 632 (555 SE2d 11) (2001); *Hawkins v. Wilbanks*, 248 Ga. App. 264 (546 SE2d 33) (2001).

"On the issue of improper service, the court is the trier of fact, and in the absence of legal error, we are without jurisdiction to interfere with a verdict supported by some evidence." (Footnote omitted.) *Wilkinson v. Udinsky*, 242 Ga. App. 464 (1) (530 SE2d 215) (2000).

I am authorized to state that Chief Judge Blackburn joins in this dissent.

DECIDED JUNE 3, 2002.

*Copeland & Haugabrook, Tyrone N. Haugabrook, Karla L. Walker*, for appellants.

*John T. Croley, Jr.*, for appellee.