## 27466. DeJARNETTE SUPPLY COMPANY v. F. P. PLAZA, INC. et al.

NICHOLS, Justice. On May 1, 1970, a default judgment was rendered in the Civil Court of Fulton County against Mt. Pleasant Plaza, Inc., a corporation that later merged into F. P. Plaza, Inc. On July 28, 1970, the present complaint was filed to have the default judgment in favor of De-Jarnette Supply Company set aside because of a lack of service of process. On the hearing of the issue thus made the trial court, hearing the case without the intervention of a jury, rendered a judgment setting aside the default judgment because of a lack of service and lack of jurisdiction of the court over the defendant in the original action which had resulted in the default judgment. Thereafter, a motion for new trial as amended was overruled and the present appeal filed. The default judgment arose out of a claim of lien for materials furnished for the improvement of real estate owned by Pleasant Plaza, Inc., and was for more than $300. The only service of process made in the original action was made by leaving a copy with the wife of the president of the defendant corporation at their residence. *Held:*

1. "The attack on the 1954 judgment on the ground that it is void is not barred by the statute of limitation since, under the Georgia statute, *Code* §§ 110-701 [81A-160], 110-709, a void judgment 'is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it,' and, it is not barred by laches." *Mason v. Carter*, 223 Ga. 2 (2) (153 SE2d 162).

2. Where there has been no legal service on the defendant and no waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction. See *Foster v. Foster*, 207 Ga. 519 (3) (63 SE2d 318) (dissents upon other grounds), and cits.

3. The Act providing for rules of practice and procedure for

the Civil Court of Fulton County provides in part: "Where the amount sued for, or the value of the property sued for or claimed, or the amount of the lien sought to be enforced either by the plaintiff or the defendant is $300 or more, exclusive of interest, attorneys' fees and cost, the pleadings and the rules of practice and procedure in such cases shall be in conformity with the pleadings and the Rules of Practice and Procedure now in force or which may hereafter be put in force in the Superior Courts of the State of Georgia and the defendant shall serve and file his answer within 30 days after the service of the summons and complaint upon him." Ga. L. 1970, pp. 2446, 2447. Accordingly, the Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann. Title* 81A) is applicable insofar as the provisions for service of process of the original action in the Civil Court of Fulton County is concerned.

4. Section 4 of the Civil Practice Act as amended (*Code Ann.* § 81A-104) provides explicit rules for service of process. In the absence of service in conformity with such rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void. Compare *Larsen v. Larsen*, 224 Ga. 112 (160 SE2d 383).

5. Service upon the wife of the president of a corporation is not "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof," nor is it service which conforms with any other provisions of law for service upon corporations.

6. Under such circumstances, where there has been no service and no waiver of service, the provisions of the Civil Practice Act (*Code Ann.* § 81A-112) requiring such defense to be made or be considered waived are not applicable and the judgment of the trial court setting aside the default judgment was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1972—DECIDED OCTOBER 10, 1972—REHEARING DENIED OCTOBER 23, 1972.

*Poole, Pearce, Cooper & Smith, Walter G. Cooper,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, William G. Grant, Charles F. Reeves,* for appellees: