70297. LEWIS v. ROBINSON.
(336 SE2d 280)

BEASLEY, Judge.

Robinson and Lewis were divorced in Ohio in 1978. Their separation agreement, which was incorporated into the Ohio divorce decree, provided that Lewis was to pay $400 per month in child support, to be increased by 8% each year. Robinson filed suit in July 1984 to domesticate the Ohio judgment and to have Lewis held in contempt of it. On November 28, 1984 the trial court, after a hearing, domesticated the judgment, found Lewis in contempt, and ordered him to pay $5,489.13 in arrearages.

On December 27, 1984 Lewis filed an application for discretionary appeal, as well as a direct appeal, for review of the November 28 order. Basing jurisdiction on OCGA § 5-6-35 (a), which embraces "other domestic relations cases," the court denied Lewis' application for discretionary appeal on January 21, 1985, after a consideration of the merits. (No. 1136) The direct appeal was not then dismissed but had been transferred to the Supreme Court for lack of subject jurisdiction under 1983 Ga. Const. Art. VI, Sec. VI, Par. III, but the Supreme Court returned the case to this court, concluding: "This is a suit on a foreign judgment, not a divorce or alimony case within the meaning of our Constitution, and jurisdiction of this appeal is in the Court of Appeals." *Lewis v. Robinson*, 254 Ga. 378 (329 SE2d 498) (1985).

Robinson has filed a motion to dismiss appeal, contending that Lewis' appeal is subject only to application for discretionary appeal under OCGA § 5-6-35 (a) (2). We agree, and thus the court acted pursuant to authority when it denied the application for discretionary appeal after expeditious review in the first place. Thus, the Supreme Court considers it "a suit on a foreign judgment, not a divorce or alimony case within the meaning of our Constitution," for jurisdictional purposes; the Court of Appeals considers it a "contempt" or "other domestic relations case"[1] under OCGA § 5-6-35 (a) (2) for direct ver-

---

[1] This category has caused other problems. See *Dept. of Human Resources v. Johnson*, 175 Ga. App. 610 (333 SE2d 845) (1985).

sus discretionary appeal purposes.

Lewis cautiously filed both a direct appeal and an application for discretionary review. We have already considered the merits of his claims upon application and denied his application.

*Appeal dismissed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 26, 1985 —
REHEARING DENIED OCTOBER 9, 1985 — ▉▉▉▉▉▉

*Edward W. McCrimmon*, for appellant.
*Jack Paller*, for appellee.