## 71705. ELMORE v. ELMORE.
### (340 SE2d 651)

MCMURRAY, Presiding Judge.

This suit was filed in the Superior Court of Laurens County on February 20, 1985. The plaintiff, Barbara R. Elmore, sought the domestication of a South Carolina divorce decree. Additionally, plaintiff demanded that her former husband, C. Byron Elmore, be found in contempt of the decree.

A summons was not issued by the clerk of court upon the filing of the complaint. Accordingly, defendant was not served with a summons. Instead, defendant was served with a copy of the complaint and a document delineated "RULE NISI." This document delineated "RULE NISI" simply read: "The foregoing petition is hereby set for a hearing on the 7th day of March, 1985, at 9:00 a.m. at the Courthouse in Dublin, Georgia."

Although he was not summoned "to appear and file appropriate pleadings," defendant filed an answer in which he asserted, inter alia, an insufficiency of service of process defense. After various delays, a hearing was held and defendant's insufficiency of service of process defense was overruled. Thereupon, the trial court domesticated the South Carolina divorce decree and, ultimately, defendant was found in contempt of the decree. We granted defendant's application for a discretionary appeal to review the trial court's rulings. *Held*:

1. At the outset, we note that this "contempt" or "other domestic relations case" was properly brought before the Court of Appeals via application for discretionary appeal under OCGA § 5-6-35 (a) (2). *Lewis v. Robinson*, 176 Ga. App. 374 (336 SE2d 280).

2. OCGA § 9-11-4 requires the issuance and service of a summons upon the filing of a complaint unless the action is a special statutory proceeding. A complaint to domesticate a foreign judgment is not a special statutory proceeding. Accordingly, in the case sub judice, a summons requiring the defendant to appear and answer the com-

plaint within 30 days should have been served.

In the absence of service in conformity with Section 4 of the Civil Practice Act (OCGA § 9-11-4), or a waiver of such service, no jurisdiction over the defendant is obtained by the court. *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625, 626 (4) (193 SE2d 852). See also *Dotson v. Luxtron, Inc.*, 155 Ga. App. 504 (271 SE2d 644). Because a summons was not issued and served upon defendant pursuant to OCGA § 9-11-4, defendant's insufficiency of service of process defense should have been sustained. The mere fact that defendant knew of the lawsuit brought by plaintiff is irrelevant. See *Cook v. Bright*, 150 Ga. App. 696, 699 (258 SE2d 326).

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1986.

*Johnny W. Warren*, for appellant.
*H. Dale Thompson*, for appellee.