## S90A0057. WILLIAMS v. WILLIAMS.
(387 SE2d 334)

SMITH, Presiding Justice.

The Superior Court of Clayton County dismissed a petition for uncontested divorce filed by the appellant, Rhonda L. Williams, and her husband, Frank Williams, Jr. The appellant raises the issue of whether the husband's affidavit, which provides that he waives any challenge to venue in Clayton County, constitutes an effective waiver of venue in a divorce case. We find that the waiver was proper, and we accordingly reverse.

The appellant-wife is a resident of Clayton County. The appellee-husband is a resident of Chatham County. The husband and wife agreed to obtain the divorce in Clayton County to save money. The Superior Court denied the divorce on the ground that the State Constitution provides that divorce cases shall be tried in the county of residence of a Georgia-resident defendant.

Under Art. VI, Sec. II, Par. I of the Constitution of Georgia of 1983, venue in divorce cases involving a Georgia defendant is in the county where the defendant resides. However, the provisions of the State Constitution relating to venue in divorce cases are neither mandatory nor exhaustive. *Ledford v. Bowers*, 248 Ga. 804 (286 SE2d 293) (1982). In *Ledford*, this Court held that, "under certain circumstances both jurisdiction of the person and venue [in a divorce case] can be conferred by consent." Id. at p. 807. The purpose of the State Constitution's venue requirement is to protect defendants in divorce actions from having to respond in a foreign, and perhaps hostile, court. Here, it is clear that the divorce was uncontested, and that the appellee had voluntarily, by affidavit, waived any objection to venue. This is one of the circumstances where venue can be conferred by consent.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 24, 1990.

*David R. Wininger,* for appellant.
Frank Williams, Jr., *pro se.*