## A91A0283. DEVINS v. LEAFMORE FOREST CONDOMINIUM ASSOCIATION OF OWNERS.
### (407 SE2d 76)

McMURRAY, Presiding Judge.

Plaintiff Devins is the owner of a condominium unit of Leafmore Forest Condominiums. Plaintiff's initial complaint sought a declaratory judgment against defendant Leafmore Forest Condominium Association of Owners, an unincorporated association of all owners created for the purpose of administering Leafmore Forest Condominiums, determining the right of this defendant to terminate water and gas to any condominium unit in arrears in its assessments, to limit occupancy and use of plaintiff's condominium unit, and to limit plaintiff's access to cable television service. By amendment to his complaint, plaintiff added a claim against members of the Board of Directors of Leafmore Forest Condominium Association of Owners, individually, for damages arising from the termination of utilities at his condominium unit. Plaintiff appeals from the grant of summary judgment in favor of the Leafmore Forest Condominium Association of Owners. *Held*:

1. Plaintiff's first enumeration of error contends the superior court erred in enforcing the provisions of the Apartment Ownership Act. Leafmore Forest Condominiums was created in 1972 pursuant to the Apartment Ownership Act, Ga. L. 1963, p. 561. While the Apartment Ownership Act was superseded by the Georgia Condominium Act (OCGA § 44-3-70 et seq.) in 1975, it was not repealed (OCGA § 1-1-10 (c) (55)) and continues to govern those condominiums which were created thereunder and have not amended their instruments so as to submit the condominium to the Georgia Condominium Act. See OCGA § 44-3-113. As Leafmore Forest Condominiums was created pursuant to the Apartment Ownership Act and has not amended its instruments in accordance with the Georgia Condominium Act, it continues to be governed by the earlier, but not by the latter statute. Therefore, plaintiff's contentions predicated on the provisions of the Georgia Condominium Act are without merit. Nor do we find any merit in plaintiff's contention that the Apartment Ownership Act was

superseded by the Fair Housing Act, 42 USCA § 3601 et seq.

2. Next, plaintiff contends that it was error to grant summary judgment enforcing a restrictive covenant when the evidence demonstrates that the time to enforce the covenant has lapsed. Plaintiff relies upon the statute of limitation set forth in OCGA § 9-3-29 and his past violations of the restrictive covenants in the condominium declaration which prohibit the leasing of less than the entire condominium unit and which limit occupancy of the unit to persons related by blood, adoption or marriage, arguing that the absence of an action to enforce the restrictive covenant prior to the expiration of the time permitted by the statute amounts to a waiver. However, there is no waiver where there is no knowledge of the breach of the restrictive covenant by those who have a right to enforce it. Here, the defendant's evidence shows that plaintiff was bound by the restrictive covenant but plaintiff has failed to present rebuttal evidence supporting the theory of waiver which he now argues. There is no indication that plaintiff's fellow condominium unit owners had any knowledge of the breaches of the restrictive covenant upon which plaintiff now relies. In the absence of such knowledge, there is no waiver. *Stanley v. Greenfield*, 207 Ga. 390 (3), 391 (61 SE2d 818).

3. Plaintiff's third and final enumeration of error contends that the superior court erred in granting summary judgment against him in regard to the claim stated in the amendment to his complaint. This claim, predicated on the alleged improper termination of utilities to plaintiff's condominium unit, seeks to recover damages only from the members of the Board of Directors of Leafmore Forest Condominium Association of Owners, individually. However, as the persons named as individual defendants were never served with summons and complaint in compliance with OCGA § 9-11-4 (d) (7), the superior court lacked jurisdiction over these individuals. *Elmore v. Elmore*, 177 Ga. App. 682 (2), 683 (340 SE2d 651). The sole movant on the only motion for summary judgment contained in the record is defendant Leafmore Forest Condominium Association of Owners. The superior court's order, ruling on the motion for summary judgment, refers to plaintiff's claims against the individual members of the Board of Directors, but nonetheless, refers to a singular defendant under a style that identifies that single defendant as Leafmore Forest Condominium Association of Owners. Consequently, we construe the superior court's order as granting summary judgment against plaintiff and in favor of Leafmore Forest Condominium Association of Owners *only*. In our view, the issue argued in plaintiff's third enumeration of error was not reached by the superior court and, thus, is not ripe for appellate review.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1991 —
REHEARING DENIED JUNE 25, 1991 —

Robert S. Devins, pro se.
Simmons, Warren & Szczecko, M. T. Simmons, Jr., Paige O. Haines, for appellee.