A93A0406. MEIER v. BENNETT.
(431 SE2d 462)

COOPER, Judge.

This appeal arises out of a personal injury action brought by appellant against appellee for injuries sustained in an automobile accident. The trial court granted appellee's motion to dismiss and this appeal followed.

The accident occurred on May 24, 1987, and appellant filed his lawsuit on May 10, 1989. The return of service reflects that on June 9, 1989, service was made on appellee by leaving the summons with appellee's father at 4215 Glengary Drive N.E., Atlanta, Georgia. On July 17, 1989, appellee filed his answer and raised as one of his affirmative defenses the running of the statute of limitation. Almost three years later, appellee filed a motion to dismiss the action on the ground that service had not been perfected within a reasonable time after the expiration of the statute of limitation. In support of the motion, appellee submitted an affidavit stating that at the time of the accident he resided at 5891 Meadowbrook Road, Norcross, Georgia and that he still resided there. Appellant responded that appellee had waived any claim of defective service by failing to raise the claim when the answer was filed pursuant to OCGA § 9-11-12 (b).

" 'The purpose of process and service is to bring the defendant into court. (Cits.) The object of service on the defendant is to afford him notice of the pendency of the proceeding and to afford him an opportunity to appear and to be heard.' [Cit.]" *Ga. Power Co. v.*

*O'Bryant*, 169 Ga. App. 491, 492 (313 SE2d 709) (1984). However, "[a] copy of the summons and complaint left with a relative at a place other than appellee's residence or usual place of abode is not sufficient service. [Cit.] The fact that appellee, having received [notice of the complaint], had actual knowledge that a complaint had been filed against him did not cure the defect in service. [Cit.]" *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989). "Under [OCGA § 9-11-12 (b) (5)], the defense of insufficiency of service of process must be asserted in the appropriate responsive pleading or it may at the option of the pleader be made by motion in writing before or at the time of pleading." *Brumit v. Mull*, 165 Ga. App. 663, 664-665 (2) (302 SE2d 408) (1983).

Appellee argues that he was not required to raise the defense of insufficiency of service because there was no service of any kind, sufficient or insufficient, and because his defense is predicated only on the expiration of the applicable statute of limitation. We cannot accept appellee's argument that this case presents a situation where there was no service. The return of service indicates that service was made on appellee at his most notorious place of abode and is prima facie evidence of service upon appellee. See *Garrett v. Godby*, 189 Ga. App. 183 (1) (375 SE2d 103) (1988). Moreover, appellee received actual notice of the lawsuit as evidenced by the fact that· he filed an answer to the complaint. Therefore, service was accomplished, albeit insufficient service, and the appropriate defense for appellee to raise was the insufficiency of the service. However, it is undisputed that appellee failed to raise this defense at the time he filed his answer, or at any time in the three years leading up to the filing of his motion to dismiss. Moreover, during the three years that the case was pending, appellee actively participated in defending the case, including filing motions and conducting discovery, and appellant was justified in relying on the return of service and taking no other steps to perfect service. We conclude that appellee's conduct was " 'so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of [his] conduct is possible.' [Cit.]" *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622, 624 (396 SE2d 790) (1990); accord *Ga. Power Co. v. O'Bryant*, supra.

Although appellee waived his right to object to the improper service, appellee properly raised the defense of the statute of limitation both in his answer and by subsequent motion. " 'Whether [appellee's] motion to dismiss the complaint as barred by the statute of limitation should be granted is determined by whether the [appellant] has shown that he acted in a reasonable and diligent manner in attempting to assure that proper service was made as quickly as possible.' " *Walker v. Hoover*, 191 Ga. App. 859, 860 (383 SE2d 208) (1989). Since

it does not appear from the record that the trial judge made a determination as to whether appellant acted in a reasonable and diligent manner in attempting to make proper service, we remand the case to the trial court for a determination of this issue. See *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828 (2b) (360 SE2d 280) (1987).

*Judgment reversed with direction. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED MAY 24, 1993.

*Steven M. Youngelson*, for appellant.
*Michael L. Wetzel*, for appellee.