## A96A0312. STAMPS v. BANK SOUTH, N.A.
(471 SE2d 323)

ANDREWS, Judge.

Thomas P. Stamps defaulted on a promissory note he gave to Bank South, N.A. (the Bank). Stamps appeals from the trial court's order granting the Bank's motion for summary judgment on its complaint to collect sums due on the note and denying his motion for summary judgment.

After the default, Stamps, an attorney acting pro se, proposed a settlement arrangement agreed to by the Bank, under which Stamps admitted the full amount of the indebtedness owed under the note in excess of $200,000 plus interest and attorney fees, agreed to settle the debt by making periodic payments totaling $190,000, and agreed the Bank could take a consent judgment against him for the full

amount of the admitted indebtedness if he failed to make the agreed upon payments. The agreement was set forth in three documents: (1) a complaint by the Bank against Stamps for the debt due under the note, which was captioned for filing in the Superior Court of DeKalb County; (2) an "acknowledgment of service" executed by Stamps in connection with the complaint and (3) a consent order executed by Stamps and the Bank for filing in connection with the complaint. Under the terms of the consent order, Stamps agreed to make certain periodic payments to settle the debt on or before June 1, 1993, waived his right to respond to the complaint or open default, and agreed the Bank was entitled to file the action and take an immediate judgment against him for the full remaining indebtedness on the note pursuant to the consent order. All of the documents were drafted and signed by the parties in December 1992, but, pursuant to the agreement, none of the documents was filed in the trial court at that time.

Stamps failed to make the agreed upon payments, and, on June 2, 1993, the Bank notified Stamps that it was proceeding under the agreement to obtain a judgment from the trial court. On June 17, 1993, the Bank filed the complaint, acknowledgment of service, and consent order in the Superior Court of DeKalb County. On the same day, the trial court signed and entered the consent order giving a judgment in favor of the Bank. It is undisputed that, on August 3, 1993, after the Bank obtained the judgment on the note, it conducted a foreclosure sale on real property held as security by the Bank for the note and applied the sale proceeds to the amount due on the judgment. The Bank concedes that it did not seek confirmation of the foreclosure sale pursuant to OCGA § 44-14-161 because it relied on the fact that it had a prior judgment on the note pursuant to the consent order. See *Taylor v. Thompson*, 158 Ga. App. 671 (282 SE2d 157) (1981). The record also reflects that in November and December 1993, Stamps was aware of the judgment and subsequent foreclosure and engaged in further negotiations with the Bank for payment of the remaining indebtedness.

On August 3, 1994, over a year after entry of the consent order, Stamps moved to set aside the consent order on grounds that it was a void confession of judgment because it failed to comply with the requirements of OCGA § 9-12-18. He also alleged in the motion that he was making a special appearance claiming the trial court lacked personal jurisdiction over him because of insufficient service of process. On October 18, 1994, the trial court set aside the consent order on the basis that it was an unlawful confession of judgment made in December 1992 prior to the filing of the complaint in June 1993 in violation of the provision in OCGA § 9-12-18 (b) providing that no confession of judgment may be made in the absence of a pending action. See *Whitley v. Southern Wholesale Corp.*, 45 Ga. App. 445 (164

SE 903) (1932); *Information Buying Co. v. Miller*, 173 Ga. 786, 788-792 (161 SE 617) (1931). The trial court made no ruling on Stamps' insufficiency of service claim. On December 4, 1994, we denied the Bank's application for an interlocutory appeal from the trial court's order setting aside the judgment. The Bank did not contest this ruling by way of cross-appeal.

On April 20, 1995, the Bank moved for summary judgment on its complaint for the balance due on the note on the basis that Stamps had failed to file an answer to the complaint. On May 19, 1995, Stamps filed a pleading styled as an "amended answer" to the complaint which included the defense of insufficiency of service of process. On the same day, Stamps also filed a motion for summary judgment and a brief in support of his motion and in response to the Bank's motion. In response to the Bank's motion for summary judgment, Stamps contended: (1) that no answer to the complaint was required because he was not served with summons in the action and did not waive service of summons; and (2) that if an answer was required, his motion to set aside served as a timely answer which raised all applicable defenses. In support of his motion for summary judgment, Stamps contended that the Bank's claim for the amount remaining due on the note after foreclosure was barred because there was no valid judgment on the note prior to the foreclosure and the Bank failed to seek confirmation pursuant to OCGA § 44-14-161.

The trial court granted the Bank's motion for summary judgment concluding Stamps waived service of process by executing the "acknowledgment of service" document filed with the complaint and was in default for failure to file a timely answer after the complaint was filed. The trial court denied Stamps' motion for summary judgment. Stamps appeals from the grant of the Bank's motion and the denial of his motion.

1. Stamps claims the trial court erred by granting summary judgment in favor of the Bank because he was not served with the summons, and the suit was therefore subject to dismissal for lack of personal jurisdiction.

It is undisputed that Stamps was never served with the summons issued pursuant to OCGA § 9-11-4 when the complaint was filed. Service of summons, unless waived, is required in order to inform the defendant that suit has been filed, that he must answer within a specified time, and that failure to respond will result in judgment by default. *Jones v. Jones*, 209 Ga. 861, 862-863 (76 SE2d 801) (1953); OCGA § 9-11-4 (b). "In the absence of service in conformity with [the statutory] rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void." *Dejarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625, 626 (4) (193 SE2d 852) (1972). In the

absence of such legal service or a waiver thereof, "the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." Id. at 625 (2).

Stamps did not waive service of summons in the "acknowledgment of service" document executed by him and filed with the complaint. The "acknowledgment of service" executed by Stamps prior to the filing of the complaint stated that: "I . . . acknowledge service of the within and foregoing Complaint and the Consent Order attached thereto. I am a resident of Dekalb County and consent to jurisdiction in Dekalb County for all matters related to this legal action, even if I were to move out of this County prior to the filing of this action with the Clerk of Court."

By this document, Stamps expressly acknowledged service of the complaint prior to commencement of the action, which is permissible as long as the waiver of service before commencement of the action is limited to a specific suit intended by the parties that is filed without unreasonable delay. *Whitley v. Whitley*, 232 Ga. 866, 867-868 (209 SE2d 199) (1974). However, Stamps obviously did not and could not acknowledge receiving service of the summons which had not yet issued. Although Stamps could have expressed an intention to waive service of summons when later issued, the acknowledgment document did not contain a waiver of service of summons, or process, or a general waiver of all further service. Compare *Jones*, supra at 863. "[S]ervice of a [complaint] to which no [summons] is attached where [service of summons] had not been waived, as distinguished from the waiver of all further service, is not service of [summons] and would not give the court jurisdiction to render judgment therein." *Jones*, supra at 864. The mere acknowledgment of service of the complaint did not constitute waiver of service of summons as required pursuant to OCGA § 9-11-4. *Jackson v. Jackson*, 199 Ga. 716, 721-722 (35 SE2d 258) (1945); see OCGA § 9-10-73.

Neither did the "consent to jurisdiction" language in the acknowledgment document constitute a waiver of the required service of summons. The obvious intent of this portion of the acknowledgment was to obtain Stamps' waiver of any claim that the DeKalb County Superior Court lacked personal jurisdiction over him because of improper venue. See *Southern Drayage v. Williams*, 216 Ga. App. 721, 723 (455 SE2d 418) (1995) (venue in action against individuals ordinarily lies in the county of the defendant's residence); *Goodman v. Vilston, Inc.,* 197 Ga. App. 718, 721 (399 SE2d 241) (1990) (venue is a component of jurisdiction over the person). OCGA § 15-1-2. Nothing in the acknowledgment executed by Stamps evinces any intention to consent to personal jurisdiction by waiving service of summons in the manner required by law. See *Williams v. Fuller*, 244 Ga. 846, 849 (262 SE2d 135) (1979) (jurisdiction of the person obtained by proper

service of process).

Nor do we find that Stamps waived service of summons by making a general appearance in the case or by any other action. Compare *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 492-493 (313 SE2d 709) (1985). After the complaint and consent order were filed, Stamps took no action in the case until filing the motion to set aside in which he included a statement that he was making a special appearance to also raise the defense that service of process was insufficient because he had not been served with summons. In ruling on the motion, the trial court did not address the issue of insufficiency of service of process. After the Bank subsequently moved for summary judgment claiming Stamps failed to file an answer to the complaint, Stamps responded to the motion by again raising the claim of insufficiency of service of process in the brief he jointly filed in opposition to the Bank's motion and in support of his motion. He again asserted the claim of insufficiency of service of process in the pleading styled as an "amended answer" to the complaint, which he filed on the same day he responded to the Bank's motion for summary judgment. The fact that Stamps had knowledge of the pending action against him did not constitute a waiver of the defective service. *Meier v. Bennett*, 208 Ga. App. 688, 689 (431 SE2d 462) (1993); *Glass v. Byrom*, 146 Ga. App. 1, 2 (245 SE2d 345) (1978). Under these circumstances, it is clear that Stamps preserved his claim of insufficiency of service of process. *Roberts v. Bienert*, 183 Ga. App. 751, 753-755 (360 SE2d 25) (1987); compare *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622 (396 SE2d 790) (1990).

The trial court erred by granting summary judgment in favor of the Bank on the basis that Stamps waived service of process and was in default.

2. Stamps also claims the trial court erred by denying his motion for summary judgment. Stamps moved for summary judgment contending that, since the consent judgment obtained prior to the foreclosure sale was set aside, the Bank cannot rely on it as a basis for collection of the unpaid balance on the note and is precluded from collecting the balance because it failed to seek confirmation of the foreclosure pursuant to OCGA § 44-14-161. The Bank claimed that, pursuant to *Taylor*, supra, there was no need for it to confirm the foreclosure because, at the time, it had the prior consent judgment which appeared to be final. The Bank contends that Stamps is estopped from asserting failure to confirm because he proposed the settlement method and consent order later declared invalid by the trial court and should not be allowed to benefit after the Bank relied on the existence of the consent judgment in foregoing confirmation. See *Pepsi Cola Bottling Co. &c. v. First Nat. Bank &c.*, 248 Ga. 114, 116-117 (281 SE2d 579) (1981).

The trial court erroneously ruled that Stamps waived service of process and was in default, so that ruling was the basis for the denial of Stamps' motion for summary judgment. Since the trial court did not rule on the merits of the motion and has not ruled on Stamps' defense of insufficiency of service of process, this enumeration is not ripe for appellate review. Accordingly, the judgment is reversed and the case remanded to the trial court for further consideration in conformance with this opinion.

*Judgment reversed and case remanded. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 14, 1996.

*Thomas P. Stamps*, pro se.
*Joseph A. Carragher, Jr.*, for appellee.