A98A2302. SHERIDAN v. THE STATE.
(511 SE2d 908)

BARNES, Judge.

After the grant of an interlocutory appeal, George Sheridan appeals the trial court's denial of his motion in limine seeking to exclude the results of his breath test in his prosecution for driving under the influence of alcohol. Sheridan contends the trial court erred by relying on Ga. L. 1998, Act 573 (HB 1378) to deny his motion because this Act became effective after the date of his arrest, and because applying the Act in this fashion violates the prohibition against ex post facto laws contained in Art. I, Sec. I, Par. X, Ga. Const. of 1983. We affirm.

1. Ga. L. 1998, Act 573 (HB 1378), effective March 27, 1998 (codified as the last sentence of OCGA § 40-5-67.1 (b)), eliminated the former requirement that the warnings in OCGA § 40-5-67.1 be read verbatim for the test results to be admissible. See, e.g., *State v. Fielding*, 229 Ga. App. 675 (494 SE2d 561) (1997). When Sheridan's application was granted, this Court had not addressed the applicability of the Act. Since that time, however, this Court has considered this issue and concluded that the Act is applicable to offenses occurring before its effective date. *Rojas v. State*, 235 Ga. App. 524 (509 SE2d 72) (1998); *State v. Moncrief*, 234 Ga. App. 871, 873 (5) (508 SE2d 216) (1998); *State v. Levins*, 234 Ga. App. 739 (507 SE2d 246) (1998) (physical precedent); *State v. Nolen*, 234 Ga. App. 291 (508 SE2d 733) (1998) (physical precedent). Accordingly, Sheridan's contentions regarding retroactive application of the Act are without merit, and the trial court did not err by applying the Act in Sheridan's case.

Although Sheridan mentioned in the trial court that the Act violated the ex post facto provisions of the Georgia Constitution, this comment came after the trial court's ruling on his original objection

and he did not obtain a ruling on the ex post facto issue from the trial court. Therefore, this issue is not ripe for appellate review. *State v. Nolen*, 234 Ga. App. at 292; *Devins v. Leafmore Forest Condo. Assn. of Owners*, 200 Ga. App. 158, 159 (3) (407 SE2d 76) (1991).

2. The remaining issue is whether the warning actually given Sheridan changed the substance of the required warning. Sheridan contends the officer deviated from the required warning by informing him that "Georgia law requires you to submit to state administered *test* of your blood" when the prescribed warning states "tests of your blood." He also contends that the officer informed him that after submitting to the state test, he was "entitled to *an* additional chemical test" even though the required warning does not contain the word "an." We do not find that informing Sheridan that the law required him to submit to a state-administered "test" of his blood rather than "tests" of his blood changed the substance of the required warning. *Harrison v. State*, 235 Ga. App. 78, 80 (508 SE2d 459) (1998). Sheridan was informed that the law required him to submit to a state-administered test, and that is the significant point in that portion of the warning. We also do not find that the substance of the required warning was changed by informing Sheridan that he was entitled to "an additional chemical test," rather than merely chemical "tests." Id.; *State v. Black*, 236 Ga. App. 56 (510 SE2d 903) (1999); *Rojas*, 235 Ga. App. at 527 (1).

Accordingly, the trial court did not err by denying Sheridan's motion in limine.

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 9, 1999.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor*, for appellee.