## S00A0544. BONNER v. BONNER.
### (533 SE2d 72)

HINES, Justice.

Mr. Bonner appeals from the final judgment and decree of divorce in this case, contending that his motion to dismiss should have been granted. We agree, and reverse.

The couple married in June 1998. On December 12, 1998, Mr. Bonner signed a document styled "Acknowledgment of Service," stating that he had received a copy of a divorce complaint. On December 29, 1998, he signed a "Separation Agreement" that included the language: "This document contains the entire agreement of the parties. It is the complete and final settlement of any and all rights either of them may have against the other." Ms. Bonner filed these documents with her petition for divorce on January 7, 1999, alleging that Mr. Bonner was a resident of Clarke County and asking that the court incorporate the "Separation Agreement" into the final decree. Mr. Bonner was not served with summons. On March 12, 1999, he filed an answer, alleging the defenses of improper venue and insufficient service of process, and moved for dismissal on those grounds.

At the hearing on the motion to dismiss, Mr. Bonner testified that during the marriage he lived in Knoxville, Tennessee, Marietta, Georgia, and Lilburn, Georgia; he resided in Marietta when the petition was filed and in Lilburn at the time of the hearing. During the marriage, Ms. Bonner lived in Athens, Georgia. The trial court denied the motion to dismiss, finding that Mr. Bonner waived any objection to venue being in Clarke County by signing the "Separation Agreement." The court also held that the lack of summons was not fatal, reasoning that there was no harm to Mr. Bonner because a divorce cannot be granted by default, and Mr. Bonner could, and did, file an answer.

1. Mr. Bonner contends venue was improper in Clarke County. Although Ms. Bonner asserts that venue was proper in Clarke County because it was the place of the marital residence, and that she produced evidence to that effect, the court did not rule that Mr. Bonner had in fact been a resident of Clarke County during the six months prior to the filing of the divorce petition. See Ga. Const. of 1983, Art. VI, Sec. II, Par. I. Rather, the court specifically found that Mr. Bonner waived any objection to improper venue, and that was the only basis for its ruling that the objection to improper venue was

unfounded.

The defense of improper venue can be waived. *Ledford v. Bowers*, 248 Ga. 804, 807 (2) (d) (286 SE2d 293) (1982). "[A] defendant waives the defenses of improper venue and lack of jurisdiction of the person by failing to raise such defenses by motion or through responsive pleadings." Id. In his answer, Mr. Bonner raised both improper venue and insufficient service of process. In determining that he waived the defense of improper venue, the court cited language in the "Separation Agreement" that stated it was the "complete and final settlement of any and all rights either of them may have against the other." However, this general statement is insufficient to waive the defense of improper venue; nowhere in the document is there any mention of venue, only of the rights between the parties.

*Williams v. Williams*, 259 Ga. 788 (387 SE2d 334) (1990), does not serve as authority to find a waiver in this case. There, the defendant clearly and specifically, by affidavit, waived objection to improper venue, and the divorce was uncontested. The purpose of our Constitution's provisions for venue in divorce cases is to "protect a defendant in a divorce action from having to respond in a foreign, and perhaps hostile court." Id. While that protection may be waived by words or actions, that did not occur in this case.

2. Nor was personal jurisdiction over Mr. Bonner obtained. Proper service of summons is necessary for the court to obtain jurisdiction over a defendant. OCGA § 9-11-4 (d) requires that the summons and complaint be served together.[1] Although Mr. Bonner acknowledged service of the complaint prior to the action being filed, he did not, and could not, acknowledge receipt of summons that had not yet issued. See *Stamps v. Bank South*, 221 Ga. App. 406, 409 (a) (471 SE2d 323) (1996). Process never issued from the court, nor did Mr. Bonner specifically waive further service. Compare *Whitley v. Whitley*, 232 Ga. 866, 867-868 (1) (209 SE2d 199) (1974); *Jones v. Jones*, 209 Ga. 861 (76 SE2d 801) (1953).

When there is no proper service, and no valid waiver of service, the court does not have jurisdiction over the defendant. *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979).

> " 'Jurisdiction of the person is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, and is obtained by appearance or by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action.' [Cit.]"

---

[1] Effective July 1, 2000, the summons and personal service provisions of OCGA § 9-11-4 are found in subsection (e).

Id. at 849. Service of summons, unless waived, is required to notify a defendant of an impending action and his duty to respond within a specified time. *Stamps,* supra at 408 (1). See also OCGA § 9-11-4 (b); *Jones*, supra. Mr. Bonner raised the defense of lack of service of process in his first pleading. See *Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694) (1990).

The statement in the "Separation Agreement" that it contained a "complete and final settlement of any and all rights either of them may have against the other" is not sufficient to confer personal jurisdiction over Mr. Bonner. Nor did he otherwise waive service of process.

3. Ms. Bonner's motion to impose sanctions on Mr. Bonner for filing a frivolous appeal is denied.

*Judgment reversed. All the Justices concur.*

CARLEY, Justice, concurring.

I agree completely that the trial court erred in concluding that Mr. Bonner's execution of a mutual settlement agreement as to "any and all rights . . . against [Ms. Bonner]" constituted a waiver of his defense of improper venue. Venue is not a "right" which he held against her, but relates instead to the power of the trial court itself to enter a final judgment in the divorce action. I also agree with the majority that the trial court erred in denying the motion to dismiss for improper service of summons. I write separately in order to emphasize the distinction between issuance of summons by the clerk of the trial court and service of that summons upon the defendant.

The clerk of the trial court is charged with issuing the summons at the time the plaintiff files the complaint. OCGA § 9-11-4 (a). Thereafter, the summons and complaint are to be served together. Former OCGA § 9-11-4 (d). However, a defendant can waive formal service of both even before the complaint is filed. *Whitley v. Whitley*, 232 Ga. 866, 867 (1) (209 SE2d 199) (1974). Here, Mr. Bonner signed an "Acknowledgment of Service" which admitted receipt of a copy of the divorce complaint before that pleading was filed by Ms. Bonner. As the majority correctly notes, at that time he did not, and could not, acknowledge *contemporaneous receipt* of a summons that had not yet been issued by the clerk. However, at that time, he *could* have waived the *subsequent service* of the summons, just as he had waived further service of the subsequently filed complaint. Service of summons may be waived *before* a suit is filed, if "such waiver is limited and restricted to a specific suit then impending, and which is at that time in the minds of both parties. It must be followed within a reasonable time by the filing of the particular suit that was contemplated." *Adair v. Adair*, 220 Ga. 852 (2) (142 SE2d 251) (1965). Thus, notwithstanding the lack of acknowledgment of receipt of the as yet

unissued summons, Mr. Bonner "could have expressed an intention to waive service of summons when later issued, [but] the acknowledgment document did not contain a waiver of service of summons, or process, or a general waiver of all further service. [Cit.]" *Stamps v. Bank South*, 221 Ga. App. 406, 409 (1) (471 SE2d 323) (1996). "[S]ervice of a petition to which no [summons] is attached where [summons] had not been waived, as distinguished from the waiver of all further service, is not service of [summons] and would not give the court jurisdiction to render judgment therein." *Jones v. Jones*, 209 Ga. 861, 864 (1) (76 SE2d 801) (1953). Therefore, the acknowledgment of service of the complaint, standing alone, does not constitute a waiver of service of the summons. *Stamps v. Bank South*, supra at 409 (1).

In essence, the trial court held that the lack of service of the summons was harmless because it did not affect Mr. Bonner's right to file an answer more than 30 days after the filing of the complaint for divorce. OCGA § 19-5-8 (no default judgments in divorce actions). However, the failure to serve the summons involves another fundamental concern in addition to that of providing notice. It relates to the trial court's jurisdiction over the person of a defendant. In the absence of either proper service of summons or a valid waiver thereof, the trial court had no personal jurisdiction over Mr. Bonner "and any judgment adverse to [him] is absolutely void. [Cit.]" *DeJarnette Supply Co. v. F.P. Plaza*, 229 Ga. 625, 626 (4) (193 SE2d 852) (1972). Thus, "[t]he mere fact that [he] knew of the lawsuit brought by plaintiff is irrelevant. [Cit.]" *Elmore v. Elmore*, 177 Ga. App. 682, 683 (2) (340 SE2d 651) (1986). Because the lack of personal jurisdiction over Mr. Bonner is not harmless, the court correctly reverses the denial of the motion to dismiss.

I am authorized to state that Presiding Justice Fletcher and Justice Hunstein join in this opinion.

DECIDED JULY 5, 2000.

*Alan Mullinax*, for appellant.
*Mary Jean Wilson*, for appellee.