### A09A0312. McCULLERS v. HARRELL.
(681 SE2d 237)

PHIPPS, Judge.

Catherine McCullers filed an action in superior court against Laurel Harrell. Harrell responded with a motion pursuing her defense of insufficiency of service of process. The trial court granted Harrell's motion, thereby dismissing the case. On appeal, McCullers contends that the record did not authorize the grant, and she complains that the court ruled on the motion without first conducting a hearing. For reasons that follow, we affirm.

The record shows the following. On December 5, 2007, a complaint was filed alleging that McCullers had sustained personal injuries as a result of a December 6, 2005, automobile accident with Harrell. In violation of statutory requirements, neither McCullers nor an attorney signed the complaint;[1] instead, it was signed only by McCullers's son. On April 23, 2008, an amended complaint was filed, this one signed by an attorney and served by the sheriff upon Harrell on May 5, 2008. Later that month, Harrell filed the underlying motion,[2] which alleged that McCullers had not perfected service until approximately 150 days after the applicable two-year statute of limitation had run.[3]

Opposing Harrell's motion, McCullers filed the affidavit of her adult son who had signed and filed the initial complaint. He averred that his mother had granted him general power of attorney in 2003. Thus, he had acted on his mother's behalf in connection with the automobile collision underlying this action by negotiating with an insurance adjuster. Eventually, the insurance adjuster revealed to him that unless he "file[d] something before the end of that day that there would be no case due to the impending statute of limitation." McCullers's son stated that he was not an attorney; he had not

---

[1] See OCGA § 9-11-11 (a) (requiring every pleading of a party represented by an attorney to be signed by at least one attorney of record and every party not represented by an attorney to sign his pleading).

[2] See OCGA § 9-11-12 (b) (5).

[3] See OCGA § 9-3-33 (actions for injuries to the person shall be brought within two years after the right of action accrues). Harrell conceded in her brief to the trial court that the original complaint signed only by McCullers's son was an amendable defect. See *Hood v. State*, 282 Ga. 462, 464-465 (651 SE2d 88) (2007) (lack of statutory signature is an amendable defect and does not render the unsigned document null and void); *Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556, 557 (1) (b) (332 SE2d 46) (1985).

sought legal counsel; and until that moment, he had been unaware of any statute of limitation. He hurriedly drafted, signed, and submitted a complaint to the superior court clerk's office and paid the requested filing fee. McCullers's son did not pay the additional fee required for service, explaining that he was "unaware at that time of any additional fees required for service," "unaware of any requirement for issuance of a summons," and "unaware of any obligation upon the filing of a suit to prepare a summons." Months later, he inquired about the case at the clerk's office and was informed of the additional fee needed for service. He paid the fee on April 17, 2008, and obtained legal counsel, who filed the amended complaint.

1. There is no merit in McCullers's contention that the record did not authorize the trial court to grant Harrell's motion. "When an action is filed within the applicable limitation period but service is perfected more than five days after that period expires, the service relates back to the original filing only if the plaintiff acted reasonably and diligently to ensure that proper service was made as quickly as possible."[4] The determination of whether the plaintiff exercised due diligence in perfecting service is a matter within the trial court's discretion.[5] "The plaintiff has the burden of showing diligence in attempting to effect service, which must be supported by specific dates and details."[6]

McCullers's evidence showed that McCullers took no steps whatsoever to perfect service for approximately four months after the limitation period lapsed. Opposing Harrell's motion, McCullers essentially sought leniency on the ground that she was an unwary pro se litigant. "[McCullers's] pro se status, however, affords [her] no basis for relief since in a civil case, the court cannot put a pro se litigant on a different standard from one represented by counsel."[7]

McCullers claims that, having filed a complaint, she was entitled to rely upon OCGA § 9-11-4 (a), which states, "Upon the filing of the complaint, the clerk *shall* forthwith issue a summons and deliver it for service."[8] It is undisputed that when the original complaint was filed, no summons was issued. McCullers's son did not pay the

---

[4] *Zeigler v. Hambrick*, 257 Ga. App. 356, 357 (1) (571 SE2d 418) (2002) (citations omitted); see OCGA § 9-11-4 (c) ("When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service.").

[5] *Zeigler*, supra at 357 (2).

[6] *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006) (citation omitted); see *Zeigler*, supra.

[7] *Turner v. Mize*, 280 Ga. App. 256, 259 (1) (633 SE2d 641) (2006) (citation and punctuation omitted).

[8] (Emphasis supplied.)

required fee for sheriff service[9] because, as he averred, the clerk's office did not instruct him to do so. McCullers now complains about the clerk's office assistance her son received when he submitted the complaint, but the plaintiff nevertheless bears the burden of "act-[ing] reasonably and diligently to ensure that proper service [is] made as quickly as possible."[10] Thus, "[McCullers] cannot excuse [her] lack of diligence by attempting to place responsibility on others."[11]

Because the evidence did not demand a finding of due diligence, the trial court did not abuse its discretion in granting Harrell's motion.[12]

2. There is no merit in McCullers's contention that the trial court erred by granting Harrell's motion without first conducting a hearing.

McCullers points out that Harrell's motion was captioned "Defendant's Motion for Summary Judgment" and that Harrell submitted contemporaneously with her motion a written request for "an oral hearing on her Motion for Summary Judgment." In addition, McCullers points out that the court's order was captioned "Order Granting Defendant's Motion for Summary Judgment." Thus, she claims she was entitled to a hearing based upon language in USCR 6.3 that "oral argument on a motion for summary judgment shall be permitted upon written request made."

McCullers's reliance upon a rule governing motions for summary judgment is misplaced. "[P]leadings, motions, and orders are construed according to their substance and function and not merely by nomenclature."[13] "A motion for summary judgment is designed to test the merits of a claim."[14] Harrell's motion did not challenge the merits of McCullers's personal injury claim; the motion contested only the sufficiency of service of process. "The defense of insufficiency of service of process is a plea in abatement and is not properly a basis for a motion for summary judgment."[15] Notwithstanding

---

[9] See Uniform Superior Court Rule (USCR) 36.10.

[10] *Zeigler*, supra at 357 (1).

[11] *Carmody v. Hill*, 248 Ga. App. 437, 439 (546 SE2d 545) (2001) (punctuation and footnote omitted); see *Zeigler*, supra at 358; *Pryor v. Douglas Shopper – The Coffee County News*, 236 Ga. App. 854, 856 (1) (514 SE2d 59) (1999); *Elmore v. Elmore*, 177 Ga. App. 682-683 (2) (340 SE2d 651) (1986); *Jarmon v. Murphy*, 164 Ga. App. 763 (298 SE2d 510) (1982) (noting that the burden was on the plaintiff, not the sheriff, to show diligence in attempting to ensure that proper service had been made as quickly as possible).

[12] See *Zeigler*, supra at 357-358 (2).

[13] *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006) (footnote omitted).

[14] Id. at 221 (punctuation and footnote omitted).

[15] *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (1) (442 SE2d 795) (1994) (citations omitted); see *Poteate v. Rally Mfg.*, 260 Ga. App. 34, 35 (1) (579 SE2d 44) (2003).

their captions, properly construed, Harrell's motion was not one seeking summary judgment; and the ruling thereupon was not a summary judgment.[16] Contrary to McCullers's contention, Harrell's motion did not invoke the cited language of the rule.[17]

Finally, McCullers points out that the trial court had scheduled a hearing on what it described as a "Motion for Summary Judgment." Nevertheless, reversal is not warranted under the circumstances of this case. As discussed above, Harrell's motion was not one for summary judgment; the court was not mandated to grant a hearing on Harrell's motion;[18] and McCullers has failed to demonstrate harm by the court not conducting a hearing. McCullers merely asserts, "Any additional facts which Plaintiff contends are at issue will be raised by affidavit filed prior to the day of the hearing as allowed by OCGA § 9-11-56 (c)." She provides no description of such facts.[19] And at any rate, OCGA § 9-11-56 (c), which governs motions for summary judgment, has not been shown to control here.[20]

The record confirms that McCullers was served with and therefore had notice of Harrell's motion; McCullers responded to the motion by submitting evidence for the court to consider when ruling on the motion; and the court's grant of the motion, which was more than two months later, was not an abuse of discretion.[21]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JULY 8, 2009 — ▮▮▮▮▮▮▮▮▮

Paul Fryer, for appellant.
William P. Tinkler, Jr., Hillary A. Shawkat, for appellee.

---

[16] See *Cushman v. Raiford*, 221 Ga. App. 785, 786 (472 SE2d 554) (1996); *Murray*, supra.

[17] See USCR 6.3; *Batesville Casket Co. v. Watkins Mortuary*, 293 Ga. App. 854, 855-856 (3) (668 SE2d 476) (2008).

[18] See USCR 6.3.

[19] Nor did she file a motion for reconsideration to place evidence in the record.

[20] See *Murray*, supra; *Poteate*, supra.

[21] See *Poteate*, supra; Division 1, supra.