S10A0165. PARRIS v. DOUTHIT.

(694 SE2d 655)

CARLEY, Presiding Justice.

Jerry W. Douthit and Paula Susan Parris were divorced in Cobb County in December 2008. The final divorce decree approved and incorporated the parties' settlement agreement, including a requirement that Douthit pay Ms. Parris alimony in the amount of $4,200 per month for 12 years. Ms. Parris moved to Cherokee County and subsequently filed a contempt motion in Cobb County, which was heard on February 12, 2009.

Douthit thereafter filed a petition for modification of alimony in Cobb County, and Ms. Parris was personally served. She answered by special appearance and moved to dismiss based upon the fact that she is currently a resident of Cherokee County. Following a hearing, the trial court entered an order denying the motion to dismiss and temporarily reducing alimony to $3,000 per month. The trial court certified its order for immediate review, and Ms. Parris appeals pursuant to our grant of her application for interlocutory appeal.

In granting that application, we posed the question of whether the trial court was authorized to defer jurisdictional issues until after the temporary disposition of a modification action. Under OCGA § 9-11-12 (d), the trial court may hear and determine a defense in abatement such as improper venue prior to trial without submitting it to a jury, or may defer such hearing and determination until trial. *Hatcher v. Hatcher*, 229 Ga. 249, 250-251 (190 SE2d 533) (1972); *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 675 (1) (b) (570 SE2d 1) (2002). In this case, the trial court clearly entered a pre-trial ruling on the motion to dismiss, which is subject to interlocutory appeal upon following the procedures set forth in OCGA § 5-6-34 (b).

Ms. Parris contends that the trial court erred by denying the motion to dismiss.

It has been firmly established that proper venue in an alimony-modification action is the county of residence of the party defendant in the modification action, and not the county wherein the divorce decree was rendered or the county of residence of the party defendant in the original divorce and alimony suit. [Cits.]

*Davis v. Davis*, 259 Ga. 151 (377 SE2d 850) (1989). This venue rule is mandated by the state constitution. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI; *Bugden v. Bugden*, 224 Ga. 517, 518 (162 SE2d 719) (1968). Furthermore, the motion for contempt filed by Ms. Parris was " 'not tantamount to the filing of a complaint wherein the movant submits to the venue of the court. . . .' [Cit.]" *Greer v. Heim*, 248 Ga. 417, 418 (284 SE2d 11) (1981). However, the trial court found at the temporary hearing, and Douthit argues, that the parties entered into an agreement on February 12, 2009 to submit to venue in Cobb County.

"[U]nder certain circumstances both jurisdiction of the person and venue can be conferred by consent." *Ledford v. Bowers*, 248 Ga. 804, 807 (2) (d) (286 SE2d 293) (1982). Under OCGA § 9-11-12 (h) (1), a defendant waives the defense of improper venue by the conduct of failing to raise it by motion or through responsive pleadings. *Bonner v. Bonner*, 272 Ga. 545, 546 (1) (533 SE2d 72) (2000); *Ledford v. Bowers*, supra. Ms. Parris clearly did not waive that defense by any such conduct. *Bonner v. Bonner*, supra. Another circumstance in which venue can be conferred by consent is where the defendant voluntarily, clearly and specifically, by affidavit, waives any objection to venue. *Bonner v. Bonner*, supra; *Williams v. Williams*, 259 Ga. 788 (387 SE2d 334) (1990). It is undisputed that Ms. Parris did not execute any written waiver of venue by affidavit or otherwise.

This Court has held that a general waiver of rights in a written settlement agreement which does not specifically mention venue is not sufficient to waive the defense of improper venue. *Bonner v. Bonner*, supra. Similarly, we conclude that Ms. Parris' alleged oral consent to venue is not comparable to the waivers which we have heretofore approved. If that consent was conveyed by her attorney to the trial court or to Douthit's counsel, it was neither in writing nor transcribed. The purpose of the constitutional requirement for venue in the county where the defendant resides "is to 'protect a defendant . . . from having to respond in a foreign, and perhaps hostile court.' [Cit.]" *Bonner v. Bonner*, supra. We have found no authority for removing, and are unwilling to remove, that constitutional protection in the absence of the conduct specified in OCGA § 9-11-12 (h) (1) or a voluntary, clear and specific waiver either in writing or transcribed in a court of record.

Accordingly, the trial court erred in failing to dismiss the modification petition based on improper venue.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 19, 2010.

*Michael J. Kramer*, for appellant.

*Dupree & Kimbrough, Hylton B. Dupree, Jr.*, for appellee.