**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 15, 2016**

# In the Court of Appeals of Georgia

A16A1472. CONNOR et al. v. OCONEE FEDERAL SAVINGS    RI-062
      LOAN ASSOCIATION et al.

RICKMAN, Judge.

We granted an application for interlocutory appeal by Art D. Connor and Louann B. Connor in order to consider whether the trial court erred in failing to rule on their motion to dismiss a lawsuit based upon insufficient service of process before denying their motion to quash witness subpoenas and ordering them to attend mediation and a hearing. For the reasons that follow, we reverse.

In March 2015, Oconee Federal Savings & Loan Association, successor by merger to Stephens Federal Bank ("Oconee Federal"), filed a suit on note against the Connors in the Superior Court of White County. The complaint stated that the

Connors resided and could be served at 8902 N. Main Street, Helen, Georgia 30545, also known as the Black Forest Bed and Breakfast ("B&B").

A sheriff's deputy attempted to serve the summons and complaint on both Art and Louann Connor at the B&B. The sheriff's entries of service dated March 16, 2015 indicate that the serving deputy was advised by an "attendant" that the Connors no longer resided at that address and had moved outside the State of Georgia. Nevertheless, in July 2015, an otherwise unidentified "process server" filed a third entry of service stating that Art Connor was served by delivering a copy of the summons and complaint to "Marianne Tomey (Front Clerk)" at the B&B.[1] The record contains no process server's entry of service for Louann Connor.

Art Connor filed by special appearance a motion to dismiss based upon insufficiency of service of process. The motion was accompanied by a sworn affidavit signed by himself and Louann in which both averred that in July 2014, they "relocated out of the state of Georgia and have maintained [their] residency out of the State of Georgia since that date." Also filed with the motion was a sworn affidavit by

---

[1] The entry of service is a sheriff's entry of service form on which on all references to "sheriff" have been crossed out and manually replaced with "process server." The record contains no additional information as to the identity or qualifications of the individual who purportedly served the documents.

the resident manager of the B&B, who averred that he was the sole resident of the B&B; that the Connors had not resided at that address since July 2014; and that Marianne Tomey had been employed by the B&B to provide housekeeping services, her presence at the B&B was limited to her employee obligations to provide those services, and she was not in July 2015, nor has she ever been, a resident of the B&B. Art Connor further asserted that any attempted service by an unknown "process server" who did not file a return of service failed to satisfy the requirements of OCGA § 9-11-4 (c)[2] and (h).[3]

---

[2] OCGA § 9-11-4 (c) provides, in pertinent part:
Process shall be served by: (1) The sheriff of the county where the action is brought or where the defendant is found or by such sheriff's deputy; (2) The marshal or sheriff of the court or by such official's deputy; (3) Any citizen of the United States specially appointed by the court for that purpose; (4) A person who is not a party, not younger than 18 years of age, and has been appointed by the court to serve process or as a permanent process server; or (5) A certified process server as provided in Code Section 9-11-4.1.

[3] OCGA § 9-11-4 (h) provides:
The person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date. . . . Proof of service shall be as follows: (1) If served by a sheriff or marshal, or such official's deputy, the affidavit or certificate of the sheriff, marshal, or deputy; (2) If by any other proper

3

Oconee Federal in turn amended its complaint to allege long arm jurisdiction pursuant to OCGA § 9-10-90 et seq., asserting that the real property securing the note underlying the lawsuit is located in White County and that the Connors transact substantial business in Georgia, thus subjecting the Connors to the jurisdiction of the White County Superior Court. Oconee Federal also filed a response to the motion to dismiss in which it maintained that the Connors "should be required to appear and provide admissible evidence to support their contention" that they were no longer residents of the State of Georgia.

A hearing on the motion to dismiss was set for December 4, 2015. Oconee Federal thereafter sent by mail to counsel for the Connors two witness subpoenas commanding the Connors to appear at the hearing. The Connors moved to quash the subpoenas, asserting that Oconee Federal's failure to perfect service of process of the summons and complaint deprived the superior court of jurisdiction over their persons, and further that the subpoenas were defective for failure to include a witness fee and

person, such person's affidavit. . . .

4

mileage.[4] Counsel for the Connors made a special appearance at the hearing to argue on their behalf.[5]

Without ruling on the motion to dismiss, the superior court continued the hearing until February 16, 2016, denied the Connors' motion to quash the subpoenas, directed them to attend the continued hearing "as parties to this action" regardless of the subpoenas, and ordered them to attend mediation with Oconee Federal prior to the continued hearing date. It is from this order that the Connors appeal.

"Proper service of summons is necessary for the court to obtain jurisdiction over a defendant." *Bonner v. Bonner*, 272 Ga. 545, 546 (1) (533 SE2d 72) (2000); see *Southworth v. Southworth*, 265 Ga. 671, 673 (3) (461 SE2d 215) (1995) ("Due process requires that a defendant be given notice of the action pending against [him or] her.") (citation omitted). Moreover, personal jurisdiction is required in order for

_____

[4] The Connors also unsuccessfully moved to quash a witness subpoena served on the resident manager of the B&B, but that subpoena is not the subject of this appeal.

[5] Oconee Federal's assertion that the Connors waived the right to contest the validity of the witness subpoenas by failing to obtain an order quashing the subpoenas prior to the hearing date is incorrect. See OCGA § 24-13-23 ("The court, upon written motion made promptly and in any event *at or* before the time specified in the subpoena for compliance therewith, may . . . [q]uash or modify the subpoena if it is unreasonable and oppressive . . . .") (emphasis supplied).

a party to be subject to the decisions and rules made by the court in a particular case "and is obtained by appearance or by serving the proper process in the manner required by law"on persons subject to be sued in that case. (Citation and punctuation omitted.) *Bonner*, 272 Ga. at 546 (2). "Where there has been no legal service on the defendant and no waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." (Citation omitted.) *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625 (2) (193 SE2d 852) (1972); *Southworth*, 265 Ga. at 673 (3) (noting that in the absence of proper service, "the trial court obtains no jurisdiction over the person of the defendant and a judgment rendered against [him or] her is absolutely void") (citation omitted).

Georgia's requirements for service of process, regardless of whether a defendant resides inside the state or is subject to jurisdiction pursuant to the long arm statute, are set forth in OCGA § 9-11-4. See OCGA § 9-11-4 (e) (7) (personal service), (f) (1) (service by publication); OCGA § 9-10-94 ("A person subject to the jurisdiction of the courts of the state . . . may be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state . . ."); *Oglesby v. Deal*, 311 Ga. App. 622, 626 (1) (716 SE2d 749) (2011) ("[P]ursuant to the long arm statute, . . . a plaintiff must

serve process on a person residing outside the state in the same way that someone is served inside the state . . .") (citation and punctuation omitted). And the burden is on the plaintiff, not the trial court, to exercise the degree of diligence necessary to locate a defendant for the purpose of service of process. See *Kelley v. Lymon*, 279 Ga. App. 849, 851 (1) (632 SE2d 734) (2006) (deeming "inappropriate" the plaintiff's attempt to use of the trial court to compel defendant's appearance at a deposition in order to effect service on him); *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (1) (298 SE2d 510) (1982) ("The burden is on the plaintiff to investigate and learn where the defendant may be located.") (citation and punctuation omitted).

The superior court in this case erred by failing to rule on the Connors' motion to dismiss based upon insufficient service of process prior to ordering them to attend mediation and/or the continued hearing. Unless and until the court determines that service of the summons and complaint has been perfected on or waived by the Connors, it lacks personal jurisdiction over them. See *Southworth*, 265 Ga. at 673 (3); *DeJarnette Supply Co.*, 229 Ga. at 625 (2).

*Judgment reversed. Barnes, P. J., and Boggs, J., concur.*